In the matter of the Life and Fire Insurance Company of New York, plaintiffs v. The Heirs of Nicholas Wilson.

294

The case was argued by Mr Selden and Mr Jones, for the plaintiffs; and by Mr Coxe and Mr Porter, for the defendants.

Mr Coxe and Mr Porter contended,

Mr Jones, in reply,

Mr Justice M'LEAN delivered the opinion of the Court.

In the argument, on the motion to make the rule for a mandamus absolute, various objections were taken against the jurisdiction of the district court.

It is insisted that the plaintiffs, in their corporate capacity, can neither make a contract in Louisiana, nor enforce it in that state by suit; and if they could, the proceedings in the case were erroneous, and might be reversed on a writ of error.

In the consideration of the question now before the court, they do not consider themselves authorised to examine into the regularity of the proceedings in the case before the district court, as they would do on a writ of error. The point of inquiry is, whether the district judge, under the circumstances of the case, was bound to sign the judgment.

The writ of mandamus is subject to the legal and equitable discretion of the court, and it ought not to be issued in cases

of doubtful right. But it is the only adequate mode of relief, where an inferior tribunal refuses to act upon a subject brought properly before it.

In this case the district judge seems to think, that as the judgment was not rendered by him, he has no power to grant a new trial, as he is not acquainted with the facts and circum- stances which should influence his discretion in making such an order ; and that, consequently, he is not bound to sanction the judgment, by his signature.

By the law of Louisiana, and the rule adopted by the district court, the judgment, without the signature of the judge, can- not be enforced. It is not a final judgment, on which a writ of error may issue, for its reversal. Without the action of the judge the plaintiffs can take no step, unless it be the one they have taken, in this case. They can neither issue execution on the judgment, nor reverse the proceedings by writ of error. And if the reasons assigned by the judge shall be deemed a sufficient answer to the rule, the plaintiffs are without remedy on their judgment.

But the district judge is mistaken in supposing that no one but the judge who renders the judgment, can grant a new trial. He, as the successor of his predecessor, can exercise the same powers, and has a right to act on every case that remains undecided upon the docket, as fully as his predecessor could have done. The court remains the same, and the charge of the incumbents cannot and ought not, in any respect, to injure the rights of litigant parties.

The case referred to in 6 Wheat. 542, 5 Cond. Rep. 170, asserts nothing in opposition to this principle. A motion for a new trial is always addressed to the discretion of the court, and this court will not control the exercise of that discretion, by a circuit court, either by a writ of mandamus, or on a certi- ficate of division between the judges.

After the rendition of the judgment, three days are allowed by the law of Louisiana, within which to move for a new trial ; and if no new trial shall have been granted, the judge is required to sign the judgment at the expiration of this time. It may be in the power of a judge, under this law, in the state court, where the judgment has not been signed, to grant a new trial after the lapse of a much longer time than is specified in

the act; but this question is not raised in the present case, as the district judge has, in not granting a new trial, decided against it. It is immaterial what reasons may have influenced this decision, as it was a matter which rested in his discretion. But the important inquiry is, whether, after refusing to grant a new trial, either on a full consideration of the merits, or because he had not a sufficient knowledge of them, he was not bound to sign the judgment.

On a mandamus a superior court will never direct in what manner the discretion of an inferior tribunal shall be exercised ; but they will, in a proper case, require the inferior court to decide. But, so far as it regards the case under consideration, the signature of the judge was not a matter of discretion. It followed as a necessary consequence of the judgment, unless the judgment had been set aside by a new trial. The act of signing the judgment is a ministerial and not a judicial act. On the allowance of a writ of error, a judge is required to sign a citation to the defendant in error ; he is required in other cases, to do acts which are not strictly judicial.

The judgment may be erroneous, but this is no reason why the judge should not sign it. Until his signature be affixed to the judgment, no proceedings can be had for its reversal. He has, therefore, no right to withhold his signature, where, in the exercise of his discretion, he does not set aside the judgment. As well might a judge refuse to enter up the judgment upon a verdict, which he would not or could not set aside, as to withhold his signature in the present case. The cause should be placed in such a posture as to enable the plaintiffs to proceed to another trial, or to take out execution on their judgment. As the former has not been done, the latter may be claimed by the plaintiffs as a matter of right.

This court, therefore, direct, that the writ of mandamus be issued, directing the district judge to sign the judgment, agreeably to the prayer of the plaintiffs.

On motion of plaintiff for a mandamus to the district court of the United States for the eastern district of Louisiana.

On consideration of the rule granted in this cause by this court, on the fourteenth day of March in the year of our Lord

one thousand eight hundred and thirty-three, which was duly served on the judge of the district court of the United States for the eastern district of Louisiana, as by reference to the proof of service on file in the clerk's office will appear, and of the return of the said judge, setting forth his reasons at large, as also of the arguments of counsel, for both the plaintiff and defendant in this cause, thereupon had : it is now here considered, ordered and adjudged by this court, that the said rule be, and the same is hereby made absolute; and it is further ordered and adjudged by this court, that a writ of mandamus be, and the same is hereby awarded, directing the said district judge to sign the judgment, and to award execution thereon, agreeably to the prayer of the plaintiff in the proceedings mentioned.