The opinion of the Court, was delivered by
Hornblower, C. J.
The notice given to the township committee was, that a writ of mandamus would be applied for, “ commanding them to accept the bond &e. tendered to them by Priekett.” But by the statute, Elm. Dig. 286, art. 58, the sureties to be given by a constable, are to be “ approved of by the committee •’’ and the bond is to be in such sum “ as the committee shall direct. The committee then, in taking a constable’s *135 bond, do not act ministerially, but in the exercise of a reasonable and sound discretion. If then there were no dispute about Pricketts election, we could not grant a mandamus, in the shape applied for. We never direct in what manner, the discretion of an inferior tribunal shall be exercised; 8 Peters 291; though in a proper case, we will require such tribunal to proceed to a decision ; to the end that that decision may be reviewed in due course of law. Nor will I say, that in a clear case of an election to office, and where the constable offered the most unexceptionable securities, (as it is admitted was done by Prickett,) but which the committee unreasonably and capriciously rejected, that this court would not issue an alternative mandamus, and ultimately compel a. reception of the bond. But in the case now before us, the election of the applicant is denied, and the township committee have put their refusal to proceed on that ground. If then there were no other difficulties in the way, the applicant must establish before this court, his election to office by legal and indubitable proof; fora mandamus ought not to be awarded in a doubtful case. 8 Peters 291. Such evidence however, the counsel for the applicant suppose they have furnished in the certified copy of the list of officers returned to and filed in the clerk’s office of the county. But in this I think they are mistaken ; there is at least presumptively, and that presumption must stand until the contrary is shown, higher and better evidence of the result of the election in question, than the certificate produced. By the sixteenth section of the statute, Elm Pig. 575, it is enacted, that 6‘ the clerk of every township shall enter in a book, to be kept for the purpose, the names of the persons, and the offices to which they are elected at town meetings, and the proceedings of such meetings; which shall be signed by the presiding officer, and attested by the clerk.” It is to be presumed that such an entry was made in this case, the contrary does not appear; and until it does, or until it is shown that the book has been lost or destroyed, or is kept beyond the reach of the laws, that record, or at least a sworn copy of it, is the only admissible evidence, in a case like this, of the applicant’s election to office. It is true, the very next section of the act requires the clerk of the township, within ten days after every election, to transmit to the clerk of the county, a certified list of the officers elected, and to put up *136 copies of the same, within five days after the election, in three or more public places, in the township. But the statute no where makes those copies, or certified, or sworn copies of them, evidence in any case. The list returned to the clerk’s office is for the information of the public, and the courts of the respective counties; and the copies posted up are for the information of the persons elected to the different offices. The question was well put by the adverse counsel; suppose Prickett had been sued for not accepting and serving in the office of constable j would either the matters disclosed by the affidavits, or the certificate of the county clerk, have been deemed sufficient evidence to subject him to the penalty prescribed by law for such refusal or neglect ? The answer must clearly be in the negative. Surely then, he ought not to have a mandamus requiring him to be recognized as a constable elect, upon evidence, which in a suit against him, would not prove his election.
The motion therefore must be denied.
Cited in Slate, ex rel. Love, v. Freeholders of Hudson Co., 6 Vr. 275; State ex rel. Ricardo, v. Com. Pleas of Passaic, 9 Vr. 184.