#### IN THE

# COURT OF APPEALS

#### OF

# MARYLAND.

---

JUNE TERM, 1850.

## SAMUEL D. DAKIN *vs.* THEODORE POMEROY AND WILLIAM CRAFTS.

A covenant for the quiet enjoyment of lands, cannot be assigned under the act of 1829, ch. 51, so as to authorise the assignee to sue for a breach of it. That act authorises the assignments of judgments, bonds, specialties, or other *choses in action* for the *payment of money,* and not stipulations to do or not to do some act or duty.

The assignment of such a covenant made in respect to lands in *New York* cannot be used as a set off in *Maryland.*

Such a covenant cannot well be separated from the deed of which it is a part, and an assignment of it to a person who had no interest in the land, will not entitle the assignee to institute suit upon it in his own name, or to use such assignment as a set off.

Where a contract is made in another State, questions arising upon it in this State, must, in the absence of legal proof of what the law of such other State is, be decided by the law of *Maryland.*

The *lex loci* determines the nature, construction and validity of foreign contracts, but the *lex fori* is to be resorted to in order to ascertain the remedy which is to be used.

Where a party is not injured by an instruction, he cannot on appeal ask a reversal of the judgment on account of its being granted, even though there may be error in it.

1    v.9

APPEAL from *Baltimore* county court.

This was an action of *debt*, brought by the appellees against the appellant, upon a judgment recovered by them against the latter, in the *Supreme Court of Judicature* of the State of *New York*, in *Oneida* county of said State, on the 12th of October, 1839, for $6,017.02, and costs.

The pleas were:—1st. *Nul tiel record.* 2nd. Payment. 3rd. That the plaintiffs made a certain covenant of quiet enjoyment with one *Demerritt*, in respect to certain lands in *New York*, from which the said covenantee was evicted by a certain *Rogers* under a prior mortgage, and the said *Demerritt* assigned to defendant, under hand and seal, all his rights, &c., in said covenant, and all damages thereby.

4th plea sets forth same covenant as third plea, and an assignment of *Demerritt's* title to the defendant, of, in and to, a large portion of the estate deeded by plaintiffs to said *Demerritt*, to wit: in *thirty* lots, and that defendant possessed them, but was evicted as assignee of *Demerritt* by *Rogers*, under a prior mortgage, and the defendant claims as such assignee to offset $6,000, which he avers is a just proportion of the consideration money stated in said deed to *Demerritt*.

5th plea sets forth same facts, only stating *Demerritt* to have been in possession at date of deed to him, and that afterwards, the possession being peaceably obtained by *Rogers*, who had lawful right, &c., the said *Demerritt* was kept out of possession, and the covenant broken with *Demerritt*, who afterwards assigned to defendant all his rights.

Issues were joined on first and second pleas, and the plaintiffs replied to the third, that the mortgage set forth therein was satisfied, and did not come by assignment to *Rogers*, who did not evict the defendant, and did not enter, &c. To the fourth, by traversing the title of defendant to the thirty lots and his eviction. Issues were then joined on the traverses to the third and fourth pleas. After various imparlances, the plaintiffs demurred specially to the fifth plea, because the amount thereby claimed as a set off, was not stated, and this demurrer the court sustained. The defendant then gave a notice of set off.

EXCEPTION. The plaintiffs offered the judgment upon which the suit was brought, and agreed, that there was due on it at the date of its rendition, only the sum of $3,111.54, with interest from the 18th of October, 1839. The defendant then offered:—1st. A deed from the plaintiffs and their respective wives, dated 8th of October, 1836, conveying certain lands in the State of *New York* to *Demerritt*, for the consideration of $8,000, and containing a covenant for quiet enjoyment by the *grantee and his assigns* of the granted premises, but no reference to any mortgage or incumbrance on the property. 2nd. A deed from *Henry Rogers*, dated 6th of April, 1836, conveying the same land to the plaintiffs for $4,003.25, which recites a mortgage on the property previously given by *Justin Cooley*, for $800, to the *New York Life Insurance and Trust Company*. 3rd. A deed from *Cooley*, dated 13th of January, 1836, conveying the same land to *Rogers* for $5,900, subject to the same mortgage mentioned in the second deed. 4th. The mortgage above referred to from *Cooley* to the *New York Life Insurance and Trust Company*, dated 10th of September, 1830, to secure the sum of $800, payable in one year from date. 5th. An assignment of said mortgage by said *company* to said *Rogers*, for $800, dated in August 1841. These deeds were all executed and recorded in the State of *New York*. The defendant further read in evidence the statutes of *New York* relative to the foreclosure of mortgages, and then the proceedings to foreclose said mortgage, showing an eviction by said *Rogers*, as assignee thereof, by purchasing the same at public sale on the 10th of February, 1842; and also read in evidence, without objection, to show the measure of damages for the breach of the covenant for quiet possession in *New York*, the law as laid down in 4 *Kent's Commentaries*, 468 *and* 469, *inclusive, (5th edition,)* and the cases therein cited. Also the testimony of said *Rogers* taken under a commission, in reference to his purchase of the mortgage and land, which it is unnecessary to state, and the following assignment :

"For value received, I hereby assign, transfer and make over to *Samuel D. Dakin*, of *New York*, all my right, title

and interest, of, in and to the covenant of *Theodore Pomeroy* and *William Crafts*, contained in a deed of conveyance executed and delivered to me by the said *Pomeroy* and his wife, *Cornelia*, and by the said *Crafts* and his wife, *Jane A.*, dated the 8th day of October, 1836, by which covenant the said *Pomeroy* and *Crafts* warranted and defended me, my heirs and assigns, in the quiet and peaceable possession of the premises and every part thereof described in this said deed, against all and every person or persons lawfully claiming, or to claim the whole or any part thereof, and I authorise the said *Dakin* to recover in his own name, by suit, set off or otherwise, all such damages as have accrued or may accrue by breach of said covenant.   Witness this 23rd day of January, A. D., 1845.

A. C. DEMERRITT,   (Seal.)"

"Witness:—*Robert J. Brent.*"

The plaintiffs thereupon conceding, that defendant was entitled to a set off, as assignee of said *Demerritt*, to the same extent that said *Demerritt* would be if he were the defendant, prayed the court to instruct the jury, that the defendant was entitled to set off in this action, that amount only which at the time of the sale was due upon the mortgage to the *Life and Trust Company* aforesaid, with interest, which direction the court, (ARCHER, C. J.,) refused to give; but instructed the jury, that the true rule of damages in this case was the value of the land at the time of the purchase by *Rogers*, under the statutory foreclosure named in the evidence, and that the defendant was only entitled to set off the amount of that value. To which instruction of the court the defendant excepted. The verdict on all the four issues was for the plaintiffs, and judgment was entered, to be released on payment of $3,065, with interest from 9th of May, 1848, and costs.   The defendant appealed.

The case was tried below before ARCHER, C. J., but the exception was not prepared for signature until after his death, when, by written consent of the counsel for the respective parties, it was signed by *Judge Le Grand*.

The cause was argued before SPENCE, MAGRUDER, MARTIN, and FRICK, J.

WM. M. ADDISON and R. J. BRENT, for the appellant, insisted, that the *New York* law is to govern the measure of damages on this *New York* contract, and by the proof of the law, he is entitled to set off the whole debt, as the consideration in the deed to *Demerritt*, being $8,000, was the only legal measure of damages.

MAYER, for the appellee, contended :

1st. The standard of damage fixed by the county court, was even more beneficial than that to which the appellant was entitled, and more was accorded by the instruction, than the state and extent of the testimony allowed to him upon the set off.

2nd. The *New York* law is not established by any testimony for regulating the damages in this case; and in the absence of due evidence of that law, the *Maryland* law must rule. If even proved, the *New York* law could not govern here on this point of damages.

3rd. The point that the *New York* law should be followed in this particular, is not open to the appellant under the exception taken.

MAGRUDER, J., delivered the opinion of this court.

This suit was instituted in *Baltimore* county court, by the appellees, and there is no controversy in regard to their right of action or the amount due thereon.

The defendant below claimed a right to set off a demand, founded on a conveyance of land by the plaintiffs to one *Demerritt*. This conveyance contains a covenant for quiet enjoyment of the premises. It is alleged, that the same was broken, and subsequently assigned to the defendant by *Demerritt*. If this claim cannot, according to the laws of *Maryland*, be set off, then the defendant cannot complain of any error in regard thereto, which may be found in the instruction of the court.

But for our act of Assembly, 1829, ch. 51, it certainly could not be said, that such an assignment as the one now relied on, could be used in *Maryland*, by way of offset against the demand of the plaintiff. According, however, to the opinions of this court, expressed in *Gordon vs. Downey*, 1 *Gill*, 41, and *Cranfurd against Brooke*, 4 *Gill*, the act of 1829 does not embrace such an assignment as this. The assignee must be entitled "to a judgment, bond or specialty, or other *chose in action*, for the *payment of money*." It cannot be a stipulation to do or omit to do some act or duty.

The covenant, which is made the foundation of this demand, cannot well be separated from the deed of which it is a part, and by an assignment of it to a person who had no interest in the land, he cannot be entitled to institute a suit upon it in his own name. If he cannot institute such a suit, it cannot be an offset against the claim of the plaintiff in this suit. We think the defendant below had no right of set off.

This opinion renders unnecessary a decision of the question which was supposed to arise upon the exception. The court seem to have taken a decision of the facts from the jury. But by the instruction which was given, the defendant below was very far from being injured.

The covenant here relied on by the defendant below, the breach and subsequent assignment, is a *New York* transaction, and it is insisted, that most of the questions are to be determined by the law of *New York*.

It is true that we claim a right to use, (and perhaps use too freely,) the decisions of our sister States, by way of illustration or argument, but it ought to be remembered, that when the question to be decided by us is, what is the law of another State? we must be furnished with legal proof, and in the absence of such proof, the question must necessarily be decided by the law of *Maryland*.

In regard to this suit, it may be observed, that although the *lex loci* determines the nature, construction and validity of foreign contracts, the *lex fori* is to be resorted to, in order to ascertain the remedy which is to be used. The inquiry is not,

whether in a case like this, and depending in a *Maryland* court, such a claim as that of the defendant below can, according to the laws of *New York*, be set off against the plaintiff's demand. It is not necessary then to enquire, why the words " conceding that the plaintiff was entitled to a set off, as assignee of said *Demerritt*, to the same extent that the said *Demerritt* would be if he was the defendant," were introduced into the plaintiff's prayer, as the question of the right of the defendant must be determined by the law of *Maryland*, and cannot depend upon any concession or admissions by the parties of what our law is.

JUDGMENT AFFIRMED.