THE PEOPLE *ex rel.* Allie J. Hambel

*v.*

S. P. MCCONNELL.

*Filed at Ottawa April 1, 1895.*

1. NEW TRIAL—*death of judge pending motion for new trial.* Upon the death of the trial judge after verdict and pending a motion for a new trial, before a bill of exceptions is signed, the succeeding judge presiding in the same court has power, and it is his duty, to decide the motion for a new trial, although he has not heard the witnesses testify or seen their demeanor on the stand, and no official or agreed transcript is produced.

2. MANDAMUS—*to compel judge to decide motion for new trial—effect of resignation.* Mandamus will not be granted to compel a judge to entertain a motion for a new trial, where, pending the application, he has, by resignation, ceased to be the judge.

3. EVIDENCE—*judicial notice taken of resignation of judge.* The court will take judicial notice, upon an application for *mandamus* against a judge, that he has resigned pending the application.

This is an original proceeding for *mandamus*, to compel S. P. McConnell, one of the judges of the circuit court of Cook county, to hear and determine upon its merits a motion for a new trial, Judge Driggs, before whom the cause was tried, having died after the trial and before disposition of the motion. This is the second application, the writ upon the former proceeding having been denied. *People ex rel.* v. *McConnell,* 146 Ill. 532.

The petition in the present case represents, that heretofore there was, and is still, pending in the circuit court of Cook county a certain action at law, wherein Allie J. Hambel is plaintiff and Charles F. Hayes is defendant, and that such proceedings were had therein that the same was tried by a jury, the Hon. George Driggs presiding as judge; that upon March 3, 1892, a verdict was returned by the jury in favor of the plaintiff, and against the defendant, for $400; that on March 8, 1892, the defendant, Hayes, caused to be entered his motion for a new trial, which is set out in the petition; that while said

motion was pending and undisposed of the said George Driggs died, on or about March 18, 1892; that the Hon. Samuel P. McConnell, respondent, is now, and for a year or more last past has been, one of the judges of the said circuit court; that on or before May 2, 1892, the plaintiff, Hambel, entered a motion in said court before the said McConnell, presiding as judge of said court, that he should entertain, hear, consider and decide upon its merits the said motion for a new trial; that the plaintiff then and there, in open court, tendered to the said judge, McConnell, a true, full and correct transcript of all the evidence and proceedings taken or had at and during said trial before the said Judge Driggs; that thereupon arguments were made in open court, before said Judge McConnell, by the attorneys of the parties, respectively, and on June 3, 1892, the court, said McConnell, judge, presiding, denied the motion of said Hambel, and refused, and still refuses, to entertain, hear, consider or decide upon its merits the said motion for a new trial, and refuses to do any one or more of these matters, and asserts and alleges that he has neither power nor jurisdiction to entertain, hear, consider or decide upon its merits the said motion for a new trial so entered as aforesaid; that said Judge McConnell has refused, and is now refusing, to perform a legal and statutory duty, and "that he so refuses upon the ground and for the reason which he has stated, that is, that only the judge before whom a case has been tried has the power to consider the merits of a motion for a new trial, and to consider whether such motion should or should not be granted, and to rule accordingly;" that it is the duty, by statute, of said circuit court to consider upon its merits the said motion, and to overrule the same, if the merits of the controversy so require, and that it is the duty of said McConnell, he being and constituting such court, to entertain, hear, consider and decide said motion. The petition prays the issuance of a *mandamus* compelling

the respondent, McConnell, as such circuit court, to entertain, hear and consider upon its merits, and decide, the said motion for a new trial, and for such other relief as the circumstances may require.

Answer to said petition was filed by said respondent, alleging, in substance, that no official or authenticated record of the evidence was produced before him upon the hearing of said motion for a new trial, and that without such official or authentic transcript of the evidence there was no legal duty incumbent on him to so hear and decide said motion.

Reply was filed, wherein the relator averred that there is no method known to the law by which such official record can be made, perpetuated or produced before the respondent except as the relator shows was offered and done in this proceeding; that relator did all the law requires and makes possible under the circumstances,— that is, relator offered a true, full and complete record of all the evidence and proceedings had on the trial before said Judge Driggs, and to prove by the stenographer that the same was a full, true and complete transcript, as aforesaid; that thus and thereby the same can be made officially a record by being properly embodied in a bill of exceptions, signed and sealed by the respondent, S. P. McConnell, judge, etc.; that the relator, as alleged in her petition, tendered to the respondent a true, full and complete transcript of all the evidence and proceedings had on the trial before said Judge Driggs, which tender is not denied by the respondent; that the respondent, McConnell, declared that, even if satisfied that such transcript was in every particular true, correct, full and complete, nevertheless, not having presided at said trial between Hambel and Hayes, and not having seen the witnesses at the time, he was without power to hear and determine said motion for a new trial upon its merits, and that it would be useless for relator to again tender him such transcript of the evidence and record, no matter

how full and complete, without first having obtained the *mandamus* applied for; that unless awarded the writ the relator is and must ever be denied of right and justice, and a legal and statutory hearing upon the merits of said motion, etc.; all of which relator is ready to verify, etc.

By stipulation of the parties the cause was submitted to the court upon the petition, answer, replication and briefs, and the following agreed statement of facts :

"*First*—That Judge Driggs, who tried the case and in whose court a verdict was entered against the defendant (Hayes), died pending a motion for a new trial, regularly filed, and that the exhibit attached to said petition is a true copy of said motion, and said case of *Hambel* v. *Hayes*, and said motion for a new trial, are still pending and undisposed of.

"*Second*—That subsequently, by agreement of counsel, the question was submitted to his honor, Judge S. P. McConnell, sitting in open court and holding term of said circuit court, to decide whether or not he could lawfully hear and determine the motion for a new trial upon its merits, and especially when one of the grounds of the motion affected the weight of evidence upon which the verdict was entered, and said Hambel moved that he hear said motion and decide it on its merits.   Said Judge McConnell was then, and ever since and still is, a judge of such circuit court.

"*Third*—That with reference to the evidence taken by a stenographer at the trial, the counsel for the plaintiff, Hambel, then and there stated to his honor, Judge McConnell, that he had a true, complete, full and correct transcript of all the testimony, evidence and proceedings of said trial, and offered to prove by the stenographer who took the case that such transcript was in every respect true, full, correct and complete, and he offered to present said transcript to the court for examination or reference, as containing testimony and evidence supporting the verdict, but such transcript of the evidence was

not agreed to by counsel for defendant as being correct and true, or as being in any way authenticated under the rules of court with relation to matters not appearing of record, nor, on the other hand, did defendant's counsel allege that there was any error in said transcript.

"*Fourth*—That Judge McConnell waived the actual presentation of the supposed evidence, and argument was heard with the understanding that the petitioner had tendered a true, full, correct and complete transcript of all the evidence, testimony and proceedings taken or had before the trial court, without a certificate of its authenticity, and Judge McConnell then and there announced that he had no power to hear or decide said motion for a new trial on its merits, inasmuch as he had not been present when the witnesses testified, and announced further that his power extended only to entering a *pro forma* order allowing the motion for a new trial in such a case when the weight of evidence was one of the grounds of the motion, because he had not seen the witnesses on the stand, and observed their manner of testifying, and demeanor, etc., and could not, therefore, act intelligently, and in view of the further fact that no official or agreed transcript of the evidence and proceedings upon which one ground of the motion was based was before him."

ROSENTHAL & HIRSCHL, for relator:

Motion for new trial is to be ruled on by the "court." (Practice act, sec. 57.)  "Court" may mean "judge," when distinguished from jury, but "in its general sense it means the tribunal." *Mascal* v. *Commissioners*, 122 Ill. 623.

The power of a judge of the same court to entertain and decide on its merits a motion for a new trial made before another judge, is sustained in the following cases, in which the new trial was denied below and the denial affirmed: *Newton* v. *Boodle*, 54 Eng. C. L. (3 M., G. & S.) 805; *Ketcham* v. *Hill*, 42 Ind. 64; *Cowell* v. *Altschul*, 40 Ark.

173; *Railroad Co.* v. *Marseilles*, 107 Ill. 313; *Miller* v. *An-heuser*, 4 Mo. App. 436.

The power of the succeeding judge to entertain the motion on its merits has also been sustained. *Field* v. *Thornton*, Kelly, (Ga.) 306; *Edwards* v. *James*, 13 Texas, 52; *Ott* v. *McHenry*, 2 W. Va. 73; *Golden* v. *Smith*, 2 Dak. 460; *McKendree* v. *Sikes*, 40 Ga. 180; *Durkee* v. *Marshall*, 14 Vt. 559.

MILFORD J. THOMPSON, for respondent:

In the absence of statutory provision the approval of the judge who presided at the trial is indispensable to the statement of facts, in order that they should receive attention on appeal. *Myers* v. *State*, 9 Texas App. 157; *Davitt* v. *Bradley*, 79 Ill. 316.

Bills of exceptions must be signed by the trial judge, even though he has gone to another curcuit. (*Ex parte Nelson*, 62 Ala. 377.) And this is true though the term of court has expired. (*Watkins* v. *State*, 37 Ark. 370; *Cowell* v. *Altschul*, 40 id. 172.) And though he be a special judge. *Bacon* v. *State*, 22 Fla. 46.

In the cases of *Isler* v. *Haddock*, 72 N. C. 119, and *State* v. *O'Kelly*, 88 id. 609, it is held that the Supreme Court will order a new trial if the judge who tried the case has gone out of office without having settled a bill of exceptions. *Newton* v. *Boodle*, 54 Eng. C. L. 795.

A bill of exceptions signed by any other than the trial judge, the latter's term of office having expired, is a nullity, without consent of parties. *Connelly* v. *Leslie*, 28 Mo. App. 551; *Cowell* v. *School District*, 18 id. 397.

In Wisconsin it is the duty of the trial judge, though out of office, to settle bills of exception. *Oliver* v. *Town*, 24 Wis. 512; *Fellows* v. *Tate*, 14 id. 156, and cases cited.

A trial judge may by the statute be empowered to make a finding although his term of office has expired. *Johnson* v. *Higgins*, 53 Conn. 236.

The death of the trial judge without having settled the bill of exceptions is ground for a new trial. *People* v. *Superior Court Judge,* 40 Mich. 360; *People* v. *Detroit Superior Judge,* 41 id. 726.

So is the going out of office of the trial judge before having made up the appeal. *Shelton* v. *Shelton,* 91 N. C. 329; *Nicholas* v. *Dunning,* id. 4; *Simonton* v. *Simonton,* 80 id. 7.

So where, by reason of the loss of his notes, the trial judge is unable to settle the question, a new trial will be granted. (*Burton* v. *Green,* 94 N. C. 215.) And where, the stenographer having died, the testimony essential to the perfection of the appeal cannot be had. *Ledgewood Manf. Co.* v. *Rogers,* 50 N. Y. Sup. 350.

The discretion of the trial judge is a judicial discretion to determine a motion for a new trial, and should be exercised with care. *Tefft* v. *March,* 1 W. Va. 38; *People* v. *Superior Court,* 5 Wend. 114.

A motion for a new trial should not be overruled *pro forma.* *Wolfolk* v. *Tate,* 25 Mo. 597.

The defendant has the same right to have his motion heard and considered intelligently that he has to defend his action. *Bass* v. *Swingley,* 42 Kan. 729.

The trial judge has lawful authority to set aside a verdict on his own motion, whereas the new judge has no means of knowing what was in the mind of the trial judge with reference to the justice of the verdict. *United States* v. *Harding,* 1 Wall. Jr. 139, and cases cited.

To overrule the motion and enter judgment might work great injury to the defendant, whereas to grant a new trial each party has the same opportunity to prosecute and defend he had at the former hearing. *Bass* v. *Swingley,* 42 Kan. 729. See, generally, the following authorities : *Wolfolk* v. *Tate,* 25 Mo. 597; *Crocker* v. *Crocker,* 56 id. 180; *State* v. *Boogher,* 3 Mo. App. 442; *Ohms* v. *State,* 49 Wis. 419; *United States* v. *Harding,* 1 Wall. Jr. 139; *People ex rel.* v. *Judge Superior Court,* 41 Mich. 726 ; *Simonton* v.

*Simonton,* 80 N. C. 7, and cases cited; *Jones* v. *Holms,* 83 id. 108 ; *Shelton* v. *Shelton,* 89 id. 185.

Where different judges presided at different stages of the trial, each should sign the bill of exceptions pertaining to the matters that took place before him.    *Railway Co.* v. *Marseilles,* 107 Ill. 313.

The settling, signing and sealing of the bill of exceptions are considered one act, partly ministerial and partly judicial.    *Hake* v. *Strubel,* 121 Ill. 321.

Mr. JUSTICE PHILLIPS delivered the opinion of the court :

When this case was before us upon the former petition the writ was denied, for the reason, as will be seen by the opinion in that case, (146 Ill. 532,) that "no proof whatever was made as to what the evidence or proceedings at the trial were, nor was any offer made to supply such proof;" that although the relator's attorney produced and exhibited to the judge a document which "he said was a transcript of the stenographer's notes taken at the trial, but so far as the stipulation shows, he neither produced nor offered to produce any evidence that the document was a correct transcript of the testimony and proceedings at the trial.  *  *  *  The unauthenticated transcript of the stenographer's notes was not evidence upon which the judge could act, nor was the unsworn statement of the relator's attorney that the transcript was correct.  *  *  *  The want of competent evidence of the proceedings at the trial was clearly a justification of his refusal to decide the motion for a new trial on its merits," etc.

An examination of the stipulation of facts in the present case will show that the reasons given by this court for denying the writ at the former hearing do not now obtain, but that the relator's attorney stated to the court that "he had a true, complete, full and correct transcript of all the testimony, evidence and proceedings of said

trial, *and offered to prove by the stenographer who took the case that such transcript was in every respect true, full, correct and complete,* and offered to present said transcript to the court for examination," etc.    It is true that no official or authenticated transcript or record of the evidence was produced, nor did the parties or their counsel stipulate that the transcript which relator offered to verify by the testimony of the stenographer was a correct and complete transcript of all the evidence.    But this fact was not denied, nor is it intimated that the transcript which relator offered to prove was not, in all respects, true and complete.    Indeed, it is stipulated that actual presentation of the evidence was waived by Judge McConnell, and that "argument was heard with the understanding that the relator had tendered a true, full, correct and complete transcript of all the evidence, testimony and proceedings taken or had before the trial court, without a certificate of its authenticity."    It is clear that relator did all in his power, without the further consent or assistance of his adversary, to reproduce to the court the evidence and transactions taken and occurring at the trial, and the refusal of the respondent to hear and determine the motion for a new trial upon its merits was predicated upon the grounds that he had not heard the witnesses testify and seen their demeanor on the stand, and that no official or agreed transcript was produced.    The question, therefore, squarely presented is, whether, under the facts of this case, the respondent was legally bound to hear and determine the motion for a new trial upon its merits.

It is manifest that where the judge before whom the cause was tried, dies, after verdict and pending or before the determination of a motion for a new trial, and before a bill of exceptions is signed, there can be, under our practice, no authenticated copy of the proceedings on the trial.    Matters not pertaining to the records proper can only be authenticated and made part of the record

by a bill of exceptions, and it therefore follows, necessarily, that if another judge can act only upon an authenticated record, one of two things must occur: either the court must award a new trial as a matter of course, or the party demanding a new trial be remediless. Without extended discussion of the question, and citation of authorities which may be found, tending to show that the former is the proper course, we are of opinion that under the modern practice in our courts the better rule, and the one sustained by perhaps the weight of more recent authority, is, that the succeeding judge, presiding in the same court, has power to decide a motion for a new trial, and to grant or overrule the same, and enter such judgment or order as shall to justice appertain. (*Life and Fire Ins. Co.* v. *Wilson*, 8 Pet. 291; *State* v. *Gasline*, (Neb.) 47 N. W. Rep. 352; *Ketcham* v. *Hill*, 42 Ind. 64; *Cowell* v. *Altschul*, 40 Ark. 173; *Tombstone* v. *Way*, (Ariz.) 25 Pac. Rep. 794; *Field* v. *Thornton*, Kelly, (1 Ga.) 306; *McKendree* v. *Sikes*, 40 Ga. 180; *Watkins* v. *Paine*, 57 id. 30; *Ott* v. *McHenry*, 2 W. Va. 73; *Edwards* v. *James*, 3 Texas, 52; 16 Am. & Eng. Ency. of Law, 618, and notes.) The court is required to pass upon and determine the motion for a new trial. The determination is a judicial one, to be made by the court, and not by the particular judge who may, at a particular time, have presided therein.

The objection that the particular judge who is asked to pass upon the motion did not see the witnesses or hear them testify, and therefore did not have the means of determining the weight or credit to be given to their testimony, would obtain equally if there was an authenticated record presented to him. If the judge who presided at the trial had pursued a course unusual in practice, and signed a bill of exceptions before disposing of the motion for new trial, thereby making the same a part of the record, it would afford no greater facility, when presented to another judge, for determining the weight and credit to be given to the testimony of the

witnesses than would a transcript of the proceedings at the trial proved in any other way. The purpose of all investigation in the courts is, to do justice promptly and without unnecessary delay, and the parties litigant and the public are alike interested in speedy and correct determination of causes. In modern practice full steno-graphic report is usually made, as was done in this case, and the correctness of the transcript presented to the court of the occurrences at the trial is easily and readily ascertainable.

We have repeatedly held, and the citation of cases is unnecessary, that in settling a bill of exceptions by the trial judge he may resort to every legitimate means of ascertaining the correctness of the bill he is called upon to authenticate. He may not only have recourse to the stenographic report, but may send for the witnesses, and take such other steps and measures as will legitimately and properly advise him of the truth, and of the correct-ness of the bill of exceptions which he signs. The due and proper administration of justice requires that this should be done, rather than to put the parties and the public to the unnecessary expense of a re-trial of the cause. Every facility possessed by the trial judge, ex-cept that of personal recollection, is within the power of his successor in office presiding in his place and stead, and no reason can be perceived or exist why the judge to whom the application is made may not in like manner advise himself, and by like means arrive at a correct determination, of what a bill of exceptions should con-tain. It may well be that the one party or the other may lose the benefit of the superior credit, or the want of credit, of particular witnesses for or against him, by reason of the inability of the court, in passing upon the motion for a new trial, to properly weigh the evidence, in view of their demeanor and appearance upon the wit-ness stand. The intelligent and enlightened judge will know and appreciate this condition, and, as is done in

appellate jurisdictions, where the same difficulty exists, will give due and proper weight to the previous findings in the cause.

The views here expressed will find more or less direct support in the following cases: *McKendree* v. *Sikes*, 40 Ga. 190; *Durkee* v. *Marshall*, 14 Vt. 559; *Dakin* v. *Pomeroy*, 9 Gill, 1; *Wood* v. *People*, 59 N. Y. 117; *Atlas* v. *Johnson*, 22 Mich. 78; *McKean* v. *Boord Co.* 60 Ind. 280; *People* v. *Williams*, 91 Ill. 87; *Railroad Co.* v. *Marseilles*, 107 id. 313. *Alley* v. *McCabe*, 147 Ill. 410, in principle also sustains this proposition.

The application to the court having been made in proper form, and the proof tending to show that all that could have enlightened the mind of the court upon the question was presented, it became and was the duty of the court, in our opinion, to hear and determine the motion. The application, in the first instance, should, by the admission of the parties or by proper proofs, purport to be a perfect and complete transcript of the evidence, the orders of court, and all other matters occurring at the trial affecting the merits of the controversy. If differences arise, the court should, by the means within its power, ascertain the truth and determine the motion accordingly.

There is, however, in this case, an insurmountable obstacle to the issuance of the writ. As held in *Vahle* v. *Brackenseik*, 145 Ill. 231, this court is bound to take judicial notice of who are judges of the various courts of record within this State, and we must take judicial notice that by resignation, pending this application, the respondent, the Hon. Samuel P. McConnell, ceased to be circuit judge in and for the county of Cook. The writ would necessarily proceed against him in his official capacity, requiring him to discharge a judicial function which he is now incapacitated to perform, and for the last named reason, only, the writ will be denied.

*Mandamus denied.*