ANNA GOOS V. FRED KRUG BREWING COMPANY.

FILED NOVEMBER 21, 1900.    NOS. 11,401 AND 11,499.

1. **Motion for New Trial: JUDGE WHO DID NOT TRY CASE.** The district court has authority to grant or deny a motion for a new trial as the justice of the case may require, although the judge who presides when the motion is presented is not the one who presided at the trial.

2. **Evidence: FINDING.** Evidence examined, and found to support the findings of the trial court.

ERROR to the district court for Cass county. Tried below before RAMSEY, J. Motion heard by JESSEN, J. *Affirmed.*

*Mathew Gering* and *A. N. Sullivan,* for plaintiff in error.

*Byron Clark* and *C. A. Rawls, contra.*

SULLIVAN, J.

When this case was formerly before us (*Goos v. Goos,* 57 Nebr., 294) we reversed a decree in favor of the plaintiff, Anna Goos, and remanded the cause to the district court for further proceedings. Another trial resulted in a decision dismissing the petition and enforcing the brewing company's mortgage as a second lien upon the land. Counsel have, in their briefs, discussed two points, which will be now considered.

The official term of Judge Ramsey, before whom the cause was tried, having expired before the plaintiff moved for a new trial, the motion was presented to Judge Jessen, who refused to allow it. It is contended that the ruling was necessarily erroneous, but we think otherwise. The district court had authority to act judicially on the motion—to sustain or deny it, as the justice of the case might require. The precise question has been twice adjudicated, and we think correctly, by this court. *State v. Gaslin,* 32 Nebr., 291; *Lauder v. State,* 50 Nebr., 140.

The findings of fact were not unwarranted. The preponderance of the evidence upon the vital issues was in favor of the defendants; of that there can be no doubt, and hence the court, under the law as laid down in the former decision, was manifestly right in the conclusion at which it arrived.

The judgment is

AFFIRMED.