UNITED STATES v. MELDRUM.

(District Court, D. Oregon. July 2, 1906.)

No. 4,750.

1. JUDGES—DEATH OF JUDGE PRESIDING AT TRIAL—POWER OF SUCCESSOR TO DETERMINE MOTION FOR NEW TRIAL.

Where the judge of a federal court who presided at the trial of a criminal case dies after the rendition of a verdict and pending a motion for a new trial, his successor has authority to hear and determine the same on the merits, by virtue of Rev. St. § 953, as amended by Act June 5, 1900, c. 717, § 1, 31 Stat. 270 [U. S. Comp. St. 1901, p. 696], as well as by the law as it previously existed, where the evidence has been taken in stenographic notes, or he is otherwise satisfied that he can fairly pass upon the motion and allow a true bill of exceptions.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Judges, § 161.]

2. SAME—SENTENCE.

The penalty for a criminal offense is a matter for legislative regulation, and where the statute vests the court with a discretion as to the punishment to be imposed, within stated limits, such discretion is to be exercised by the judge independently of the jury; and, in case of the death of the judge who presided at the trial of a defendant after conviction but before sentence, the sentence may be pronounced by his successor, where there is sufficient in the record to enable him to fairly and intelligently exercise such discretion.

On Motion by Defendant to Set Aside the Verdict and Grant a New Trial.

W. C. Bristol, U. S. Atty., for the Government.
Richard W. Montague, for defendant.

WOLVERTON, District Judge. The defendant was, on November 17, 1904, found guilty by the verdict of a jury on 21 counts, 18 of which were for forging affidavits for the purpose of defrauding the government, and the remaining 3 for uttering and publishing as genuine 3 of such false and forged affidavits. On December 13, 1904, defendant filed a motion to set aside the verdict and for a new trial, assigning as grounds therefor the following: (1) That the verdict

is not sustained by any evidence; (2) that it is contrary to law; (3) that error of law was committed by the judge at the trial; (4) that error of law was committed in overruling the objections of defendant to the introduction of any testimony in the cause, for the reason that the indictment fails to charge an offense. On June 14, 1906, defendant assigned an additional ground, namely:

"That after the rendition of the verdict herein, and while said motion for a new trial was pending, and before decision had been rendered thereon or sentence passed, the Honorable Charles B. Bellinger, District Judge of the United States, before whom this cause was tried, died."

In the presentation of the motion upon argument, defendant, through his counsel, explicitly waived all reliance upon the four grounds first named, and based his right to relief solely upon the one recently assigned. This procedure on the part of the defendant is tantamount to a concession that none of the grounds waived was well assigned. With this concession it is nevertheless insisted that the judge now presiding ought not to assume to exercise the authority to sentence the defendant, and hence that the motion for a new trial should be sustained as of course. The principal ground for this position is that the statute has reposed in the judge a very wide range of discretion in prescribing the punishment that may be imposed, and that only the judge presiding at the trial will presume to exercise such discretion. The punishment may be imprisonment at hard labor for a period of not more than 10 years, or a fine of not more than $1,000, or both fine and imprisonment. Another reason advanced is that in theory the judge is a component or a constituent part of the jury, thus necessitating a concurrence in the verdict rendered by the judge sitting at the trial; otherwise, a new trial must be awarded. The discretion vested in the judge to grant a new trial is not an arbitrary volition, but a judicial or legal discretion (as it is generally, perhaps not in every sense accurately, termed), to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not to defeat, the ends of substantial justice. Says Mr. Justice Foster in Bundy v. Hyde, 50 N. H. 116, 120:

"By discretion—judicial discretion—we mean the exercise of final judgment by the court in the decision of such questions of fact as from their nature and the circumstances of the case come peculiarly within the province of the presiding judge to determine, without the intervention and to the exclusion of the functions of a jury."

This was said relative to the authority of the judge to permit leading questions to be asked. In a later case from the same court (Darling v. Westmoreland, 52 N. H. 401, 408, 13 Am. Rep. 55) it is said: "Judicial discretion, in its technical legal sense, is the name of the decision of certain questions of fact by the court"—citing Bundy v. Hyde, supra. The point involved was as to the latitude allowable in cross-examination. So in State v. Wood, 23 N. J. Law, 560, 564, speaking of the discretion of the judge to grant a writ of certiorari, the court says: "True it is a legal discretion—a discretion regulated by sound principle and just reason—but

it is discretion still. It rests in the judgment of the court." It "implies that in the absence of positive law or fixed rule the judge is to decide by his view of expediency, or of the demands of equity and justice." Of such is the nature of the discretion reposed in the court under the Oregon statute to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. Thompson v. Connell, 31 Or. 231, 48 Pac. 467, 65 Am. St. Rep. 818. Of like character, as instanced by the foregoing cases, is the discretion reposed in the court to set aside a verdict, or to award a new trial through considerations of fact. It is not arbitrary, vague, or fanciful, nor is it to be controlled by humor or caprice, but to be governed by principle and regular procedure for the accomplishment of the ends of right and justice. If errors of law are relied upon, then the judgment of the court is required as to the right rule of law to be applied, and the questions are strictly of legal cognizance. Says Hammond, Circuit Judge, in Wright v. Southern Ex. Co. (C. C.) 80 Fed. 85, 93:

"It must and should be performed in every case with such conscientious intelligence as belongs to the judge, and that is the best that can be done in any case where he is called upon to discharge that duty."

The principle is applied in a criminal case (People v. Knutte [Cal.] 44 Pac. 166), where the court says:

"While it is the exclusive province of the jury to find the facts, it is, nevertheless, one of the most important requirements of the trial judge to see to it that this function of the jury is intelligently and justly exercised. In this respect, while he cannot competently interfere with or control the jury in passing upon the evidence. he nevertheless exercises a very salutary supervisory power over their verdict. In the exercise of that power, he should always satisfy himself that the evidence as a whole is sufficient to sustain the verdict found; and if, in his sound judgment, it does not, he should unhesitatingly say so, and set the verdict aside."

Speaking in general, Mr. Bishop has this to say:

"It is a rule widely governing in these cases, and reconciling multitudes of seeming conflicts in them, that on whatever grounds the new trial is asked the court will look through the entire proceedings which led to the verdict, consider in connection with them the new facts and reasons, and order the reversal if it deems there was injustice which probably may be corrected, otherwise refuse." Bishop's New Crim. Proc. § 1277.

See, also Serles v. Serles, 35 Or. 289, 57 Pac. 634; Mt. Adams, etc., Railway Co. v. Lowery, 74 Fed. 463, 20 C. C. A. 596; Pringle v. Guild (C. C.) 119 Fed. 962.

Now, while in running through the authorities expressions are found that seem to indicate that the presiding judge could alone act the part, they are usually so employed because pertinent to the conditions of the particular case; not that it was intended by any of the cases to decide that particular question. Upon the contrary, I am convinced that it cannot be affirmed upon principle or authority that such discretion is personal to the presiding judge. An early case in the Supreme Court of the United States (Life & Fire Ins. Co. v. Wilson's Heirs, 8 Pet. 291, 8 L. Ed. 849) states the law so

clearly that it seems to me a work of supererogation to look beyond it for other authority. The district judge refused to sign a judgment that had been entered by his predecessor; the latter having died in the meanwhile. A mandamus having issued requiring him to show cause why he should not sign the judgment, he answered, among other things, that as the judgment was not rendered by him he had no power to grant a new trial, because he was not acquainted with the facts and circumstances that should influence his discretion in making such an order. To this the Supreme Court, speaking through Mr. Justice McLean, answered:

"But the district judge is mistaken in supposing that no one but the judge who renders the judgment can grant a new trial. He, as the successor of his predecessor, can exercise the same powers, and has a right to act on every case that remains undecided upon the docket, as fully as his predecessor could have done. The court remains the same, and the change of the incumbents cannot and ought not in any respect to injure the rights of litigant parties."

The authority of the succeeding judge to exercise this discretion is expressly recognized by the amendatory act of Congress of June 5, 1900 (31 Stat. 270, c. 717, § 1 [U. S. Comp St. 1901, p. 696]). It is there enacted that in case the judge before whom the cause was tried is, by reason of death, sickness or other disability, unable to hear or pass upon the motion for a new trial, and allow and sign the bill of exceptions, then that the judge who succeeds said trial judge, or any other judge of the court in which the case was tried, if the evidence in such case has been taken in stenographic notes, or if said judge is satisfied by any other way that he can pass upon said motion and allow a true bill of exceptions, he shall then pass upon the motion and sign the bill of exceptions. The further provision is added that in case the succeeding judge is satisfied that, owing to the fact that he did not preside at the trial, or for any other cause, he cannot fairly pass upon the motion and allow and sign said bill of exceptions, then he may, in his discretion, grant a new trial to the party moving therefor. This statute is manifestly a recognition, and therefore declaratory, of the law as it existed prior to its enactment, touching the allowance or disallowance by the succeeding judge of a motion for a new trial. A motion to set aside a verdict proceeds upon identical grounds. It is logically impossible, by reason of the order in which the hearings must be had and determinations rendered, to settle a bill of exceptions without passing upon a motion to set aside a verdict or to grant a new trial. If such a motion were allowed, as counsel argues should be of course, where a succeeding judge is sitting, then there could be no further bother about the bill of exceptions, as the case could not be proceeded with further until another trial was had and another verdict rendered; so the Congress has authorized a succeeding judge to settle the bill of exceptions—a thing that was not clear, and perhaps not allowable, prior to the act. But in doing so it has recognized the rule as it previously obtained that a succeeding judge might regularly grant a new trial. See further authorities bearing upon the subject: Allen v. State (Ga.) 29 S. E. 470; People v. Mc-

Connell, 155 Ill. 192, 40 N. E. 608; Goos v. Fred Krug Brewing Company, 60 Neb. 783, 84 N. W. 258.

True, a judge who has not heard the witnesses, or noted their bearing while upon the stand giving their testimony, might not in many cases be so well qualified as the judge who presided to pass upon such motions; yet unless it develops that he is unable, by reason of the fact that he did not preside, to fairly pass upon the motion, he is as fully authorized to perform the function as if he had presided at the trial. In many cases it must be conceded that the manner of the witnesses in testifying has but little to do with the influence of their testimony, and that is readily manifest from the very nature of the testimony itself. In such a case, why may not the succeeding judge pass upon the motion as readily as the presiding judge? There is no reason left, or, if any, but slight, to urge against it.

The authority being granted, the discretion is to be exercised as the exigencies of the case may suggest or require. If the judge cannot do justice except by awarding a new trial, he should not hesitate to do so; but if, on the other hand, he can see from the record that no wrong can or will be done the defendant by denying the motion, the due and regular administration of justice requires that it should be done.

The discretion reposed in the judge to determine the penalty to be imposed within defined limits is of a somewhat different order. It is a function reposed through statute, by edict of the Legislature or of Congress. A like discretion is frequently accorded to the jury, and the only case that I have been able to find attempting in any way to define the term employed in that sense is where the jury was concerned. I refer to Brown v. State, 109 Ala. 70, 20 South. 103. At page 83 Justice Brickell says:

"The discretion they (the jury) are to exercise, and exercise in obedience to their own consciences only, is the choice or election between the alternative punishments. The discretion is legal, in the sense that it is derived from and conferred by law. But it is not of the nature of judicial discretion, which is said to be controlled by fixed legal principles."

All offenses, even of the same order or name, are not of exact similitude in their commission. Each has its own peculiar characteristics. One may be accompanied with evidence of great malignity in the perpetration, and another with conditions tending to palliate or in some manner to excuse the act, though it may constitute a violation of law; and so on with varying shades of emphasis. It is to meet the exigencies, no doubt, of the occasion that the court is in many cases invested with a discretion within certain latitudes to visit punishment upon the offender. Perhaps it was thought also by the lawgiver that the judge has a better opportunity for knowing what punishment, within the limits specified, will best subserve the state or the government in deterring others from a perpetration of the same or like offenses. Where invested in the judge, it becomes wholly a matter for his exercise, the same as where reposed in the jury it is entirely for their exercise, and for none other.

It is a function that belongs of right to neither the court nor the jury, but is solely for legislative regulation and direction, and no constitutional rights are impaired if withheld from both; but it may certainly, within reasonable limits, be accorded to either. So that where the discretion is vested in the court, there is no requirement, either expressed or implied, that it should be exercised by the judge presiding at the trial, in conjunction with, and as a part of, the jury's work in finding the verdict, and not by his successor as an act independent of the jury. Manifestly, such discretion must be exercised with sound judgment, having a conscientious regard for meting out such punishment only as in justice and right ought to be visited upon the offender, bearing in mind all the facts connected with and attendant upon the commission of the offense with which the party stands convicted. What matters, if any, may be considered beyond these here referred to it is not necessary now to suggest.

Now, considering the nature of the discretion involved, both in the consideration of the motion for a new trial and in pronouncing sentence, there exists no good reason why the succeeding judge may not conscientiously discharge both functions in the present case. The evidence has been fully reported, and a careful examination of it shows unmistakably that the jury was entirely justified in arriving at its verdict. There is but little room for the demeanor of witnesses while on the stand to have any particular bearing upon the weight of the evidence, they being called as to plain matters of fact, not readily susceptible of different shades of rendering. This holding is not in conflict with the case of U. S. v. Harding, Fed. Cas. No. 15,301, for there none of the facts appearing at the trial were preserved; Kane, District Judge, who wrote the prevailing opinion, saying: "The record which is before us is of course barren of facts."

There may be cases where no one but the judge who presided at the trial could intelligently, or with propriety, pass upon the motion for a new trial or pass sentence; but this is manifestly not one of them.

Now, as to the second reason assigned by counsel why a new trial should be granted, namely, that the judge is a component or constituent part of the jury, and cannot act in the premises except in conjunction therewith. This contention has for its corollary the further idea that the right to have the judge who sat at the trial pass upon the motion for a new trial is a constitutional guaranty. But it has never been so held, that I am aware of. A trial by jury must be contradistinguished from a trial by the court. It is this sort of trial that the federal Constitution has guarantied to the accused. Of course, a trial by jury must be presided over by a court; but when the jury has returned its verdict, the accused has had the benefit of the constitutional guaranty. The court could not arbitrarily set the verdict aside without good reason, nor should it be upheld where the act would result in any injustice to the defendant. But the act in passing on the motion for a new trial is separate and distinct from the act of returning a verdict. It is distinctly a further step in the

trial procedure, and it is not reasonable to suppose that, when the federal Constitution guarantied the right of trial by jury to the accused, it also guarantied the right to have the judge who presided at the trial pass upon the motion for a new trial. If such were the case, it would follow inevitably that, whenever the judge who presided became disqualified after verdict rendered and before the motion was disposed of, the proceeding would come to an abrupt close, and a new trial would follow as a matter of course. That such is not the case, the many statutes providing that judges other than the one presiding may pass upon the motion bear testimony. None of these, that I am aware of, have ever been declared unconstitutional, and it is not within the bounds of reason to believe that they ever will be.

It follows from these considerations that the motion for a new trial should be denied, and it is so ordered.