## CHIN WAH et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. July 13, 1926.)

No. 378.

Conspiracy ⬤�top47.

Evidence *held* to sustain conviction of two defendants, but not of third, for conspiracy to ship smoking opium in interstate commerce, and for importing, concealing, and assisting in transportation thereof.

In Error to the District Court of the United States for the Eastern District of New York.

Chin Wah and others were convicted of conspiracy to ship smoking opium in interstate commerce, and of importing, concealing, and assisting in the transportation thereof after importation, and they bring error. Affirmed as to Chin Wah and Ing Lee, and reversed as to Look Ho.

Writ of error to a judgment of conviction of the District Court for the Eastern District of New York upon three counts of an indictment—the first, for conspiracy to ship smoking opium in interstate commerce; the second, for importing the same into the United States; and the third, for concealing it and assisting in its transportation after importation.

The chief question raised is as to whether the prosecution had made out a sufficient case to go to the jury. The case was built up as follows: Narcotic agents, acting upon advices from employees of the Pennsylvania Railroad, picked the lock and opened a trunk in the New York station of that company, which had been carried thither from Seattle. They found in it 49 cans of smoking opium, of which they took out all but one and closed the trunk. Later an unidentified Chinaman delivered to the New York Transfer Company the counterpart of the check upon which the trunk had been carried from Seattle to New York, and directed that it be delivered at 113 Court street, Brooklyn. The transfer company advised the narcotic agents, several of whom, in the disguise of employees of the company, manned a truck and delivered the trunk.

The circumstances of delivery were as follows: No. 113 Court street was a Chinese laundry bearing the name Chin Wah over the door. Within were the three defendants, all Chinamen, Ing Lee, Look Ho, and the defendant, indicted and convicted under the name, Chin Wah. One of the disguised agents entered and asked for Chin Wah. Ing Lee answered, and said that Chin Wah was not there, but would be back in the afternoon. Being told that the agent had a trunk to deliver, Ing Lee went outside, looked at the trunk in the truck, and told the agent to bring it in. When the trunk was taken inside, the agent asked Ing Lee for a receipt, who, after a short talk in Chinese with the other two, told Look Ho to sign, which he did, by the curious legend, "All Work." The supposed Chin Wah paid the trucking charge from a cash drawer. Thereupon all were arrested and searched. Upon Ing Lee was found a key which fitted the trunk. In a coat which the supposed Chin Wah said was his was sewn a key which fitted the lock to the front door of the laundry, and a letter addressed to "Charles Wah, 113 Court street." The supposed Chin Wah tried to bribe the agents to allow him to escape.

At the trial he denied that he had paid for the trunk, or that he knew its contents.

Look Ho swore that the supposed Chin Wah had paid him his wages during the two weeks of the four that he had been employed at the laundry. Ing Lee said that he had seen the real Chin Wah only the first day that he was employed, and again after his arrest. The supposed Chin Wah swore that upon the envelope in his coat was written in Chinese characters the direction, "Please deliver to Hui Bing Sin," the name which he said was his.

Judge Garvin, who tried the case, resigned before sentence, and Judge Inch imposed sentence in his place.

Leibowitz & Shientag, of Brooklyn, N. Y., for plaintiffs in error.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). The evidence was certainly sufficient to convict Ing Lee on the conspiracy count. The Chinaman who ordered the trunk to be sent to 113 Court street was, of course, in complicity with the senders and knew its contents. The drug is extremely valuable, and people do not send it such long distances to unadvised consignees. Nor did this unidentified Chinaman send it to 113 Court street without prearrangement with some one there. The only question was whether the intended receiver was one or more of the three defendants or another person, the proprietor of the store. Even if we assume that the supposed Chin Wah was not the proprietor, the jury was surely justified in concluding that Ing Lee had been advised of the contents of the trunk. He had a key for it, ordered its delivery at the laundry, and the signing of the receipt. The whole enterprise was illicit, hazardous, and profitable. To suppose that any one would have been given a key to the trunk, and been apparently advised of its arrival, without being informed of its contents, was to the last degree improbable.

The proof as to the supposed Chin Wah is not so clear. If he was in fact the proprietor, the real Chin Wah, all is plain; but that was doubtful. On the whole, we are disposed to think that the proof was strong enough to allow the jury to conclude that he was Chin Wah, however we might personally have voted, had we been on the panel. It is hardly necessary to sum up the proof.

But, even if that is too doubtful to be a link in the reasoning, we think that his proved connection with the occurrence would serve anyway. Of the two he was the superior of Ing Lee, was at least the locum tenens in Chin Wah's absence, and must have been as well informed as Ing Lee, if the venture was one of Chin Wah's. It seems again highly improbable that it was a separate undertaking of Ing Lee. The trunk was ordered to be delivered, not to him, but to the laundry; the payment of the express charges counts for something. Nobody suggested at the trial such an explanation; Ing Lee and the supposed Chin Wah appeared to act in concert.

On the other hand, though Look Ho's part is suspicious, we are disposed to think that the case breaks down as to him. It appears to us nearly as likely that he had no part in the conspiracy as that he did. At any rate he was clearly an underling and signed the receipt at the direction of Ing Lee.

The case on the two counts for transporting and assisting to conceal present no other features. Indeed, it is helped out by the statutory presumption of guilt from possession, for Ing Lee and the supposed Chin Wah came into possession, if the real Chin Wah was not there. It is true that the proof of importation might fail, except for the second statutory presumption; but, as that is valid (Yee Hem v. U. S., 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904), there was no defect in the case.

The sentence was lawful. U. S. v. Meldrum (D. C.) 146 F. 390; Id., 151 F. 177, 80 C. C. A. 545, 10 Ann. Cas. 324 (C. C. A. 9); Sanborn v. Bay, 194 F. 37, 114 C. C. A. 57 (C. C. A. 8).

Judgment affirmed as to Ing Lee and the defendant indicted as Chin Wah.

Judgment reversed as to Look Ho.