# LOVELOCK LANDS, INC., *v.* LOVELOCK LAND AND DEVELOPMENT CO.

No. 2830

January 3, 1930.                                                283 P. 403.

*Hawkins, Mayotte & Hawkins,* for Appellant:

*Booth B. Goodman* and *Cooke & Stoddard,* for Respondent:

## OPINION

By the Court, SANDERS, J.:

The defendant in this case has appealed from an adverse judgment and from an order denying a motion for a new trial. Many errors are assigned, but, as we view the record, we need dispose of but two.

We will first dispose of the contention that the trial judge erred in permitting testimony to be given by one Wooster concerning transactions with F. M. Lee and W. C. Noteware, who represented the defendant company, since both of said witnesses are dead.

Section 5419, Rev. Laws, provides: "No person shall be allowed to testify; 1. When the other party to the transaction is dead."

It is the theory of the plaintiff that neither Lee nor Noteware were parties to the transaction but that the corporation which they represented was the party to the transaction; hence the inhibition of the statute does not apply in this case.

We are not in accord with the view contended for by the plaintiff. This question was squarely disposed of by Judge Farrington in Bright v. Virginia & Gold Hill Water Co. (D. C.), 254 F. 175, adversely to the contention of plaintiff. The conclusion reached by Judge Farrington was affirmed in the same case by the Circuit Court of Appeals (270 F. 410), in both of which opinions the statute law of Nevada on the point was considered

at some length. Without going into the question, we may say that the conclusions reached in those opinions are sound and express our views on the point involved.

But it is said that even so there is sufficient other evidence in the record to justify the judgment, and hence we must affirm it. However that might be, had the trial court based its findings and conclusions upon such evidence alone, we think, in view of the situation, that the question involved is of such nature as to demand a finding by a trial court solely upon competent evidence, and hence feel that because of the error the judgment and order appealed from should be reversed.

This suit was instituted in the district court, department No. 2, of Washoe County. The presiding judge of that department, Hon. George A. Bartlett, assigned the case to Hon. J. M. McNamara, judge of the Fourth judicial district, for trial. Judge McNamara, after the trial of the case, rendered judgment in favor of the plaintiff in the case, and, as he was shortly to retire from the bench, reassigned the case to Judge Bartlett for further disposition. In due time a motion for a new trial was filed, which came up for hearing. Judge Bartlett denied the motion for a new trial without hearing or considering the same upon its merits. In so doing he stated that he had no legal right, authority, or jurisdiction to hear or consider the same upon its merits.

In support of the error assigned counsel rely upon the case of Goldfield Mohawk Mining Co. v. Frances Mohawk M. & L. Co., 33 Nev. 491, 112 P. 42. We do not think this case is in point. All that it decides is that it is the duty of the trial judge to determine whether or not the evidence in the case was sufficient to sustain the verdict of a jury. Such is not the question before us.

■ We think, however, that the learned trial judge was in error. In Life & Fire Ins. Co. v. Wilson's Heirs, 8 Pet. 291, 303, 8 L. Ed. 949, the court in passing upon the question said:

"But the district judge is mistaken in supposing that no one but the judge who renders the judgment

can grant a new trial. He, as the successor of his predecessor, can exercise the same powers, and has a right to act on every case that remains undecided upon the docket, as fully as his predecessor could have done. The court remains the same, and the charge of the incumbents cannot and ought not, in any respect, to injure the rights of litigant parties."

Other authorities so holding are: Camelin v. Smith, 53 Colo. 574, 128 P. 1125; People v. McConnell, 155 Ill. 192, 40 N. E. 608; Reynolds v. Reynolds, 44 Minn. 132, 46 N. W. 236; Wilson v. California Cent. R. Co., 94 Cal. 166, 29 P. 861, 17 L. R. A. 685; Goos v. Fred Krug Brew. Co., 60 Neb. 783, 84 N. W. 258; Southall v. Evans, 114 Va. 461, 76 S. E. 929, 43 L. R. A. (N. S.) 468, Ann. Cas. 1914B, 1229; Adams v. Wallace, 94 Okl. 95, 221 P. 16; Bass v. Swingley, 42 Kan. 729, 22 P. 714; Manufacturers' Mut. Fire Ins. Co. v. Circuit Judge of Gratiot County, 79 Mich. 241, 44 N. W. 604; Ohms v. State, 49 Wis. 415, 5 N. W. 827.

It is ordered that the judgment and order be reversed, and that a new trial be granted.