FRANZ GERTZ v. AGNES BECK.
No. 254.

1. PRACTICE—*Case-made—By Whom to be Settled.* A case-made must be settled by the judge who tried the cause.

2. ——— *Demurrer to Evidence—Succeeding Judge.* A judge who succeeds the judge who tried a cause is competent to pass upon a demurrer to the evidence introduced in said cause when requested to do so by the parties, and when furnished with what is agreed by the parties to be a correct copy of the evidence.

Error from Marion district court; LUCIEN EARLE, judge. Opinion filed July 13, 1898. Affirmed.

*S. Bertholder*, and *A. L. Greene*, for plaintiff in error.
*W. H. Carpenter*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was tried in the district court of Marion county, before Judge Frank Doster and a jury. A verdict was returned in favor of the defendant in error for the sum of $500. A motion for a new trial was filed and came on to be heard by Judge Doster, who was about to overrule the same and so expressed himself, when counsel for the plaintiff in error offered to show and attempted to prove misconduct upon the part of the jury; whereupon

counsel for defendant in error asked for and obtained time to take the evidence of the jurors, and the hearing of the motion was deferred until the term of Judge Doster had expired, and he had been succeeded by Judge Lucien Earle. The motion for a new trial came on to be heard before Judge Earle, and counsel for the plaintiff in error stated that he did not claim that the verdict was against the weight of the evidence, but that he claimed that the court erred in not sustaining the demurrer to the evidence introduced by the defendant in error and in not directing the jury to bring in a verdict for plaintiff in error.

The record in this case recites "that a full and complete transcript of the evidence in said case, made by the official stenographer, was in court at the time said motion was heard before Hon. Lucien Earle, judge, and the same was read to the court by the counsel for defendant — such parts thereof as counsel desired to read and have read. Evidence was introduced to sustain and to resist the motion for a new trial so far as the misconduct of the jury was concerned. The court thereupon overruled the motion for a new trial and rendered judgment upon the verdict.

The case is brought to this court, and attached to the petition in error is a case-made settled by Judge Earle. We are precluded from examining into any of the errors alleged to have been committed by the court while Judge Doster presided for the reason that the case-made is not settled by him. Section 590 of chapter 95, General Statutes of 1897, requires a case-made to be settled by the judge who tried the cause.

The supreme court held, in *Hodgden v. Commissioners*, 10 Kan. 637, that without such statutory authentication they could not examine into a case-made. We can

only consider the ruling of Judge Earle upon the proceedings had before him.

Counsel for defendant in error insists that Judge Earle properly signed and settled the case. In his brief he says :

" Of course Judge Earle could not have signed and settled the case containing the evidence in the case at bar if the plaintiff below had objected to his so doing. But when the parties agreed, as they did in this case, as to what the evidence was, then there was nothing for Judge Earle to do but to settle and sign the record containing the evidence, as he did do in this case. And the plaintiff in error is estopped by his actions from saying that it is not the evidence, as he is estopped from saying that the record of the evidence was not before Judge Earle when he passed upon the motion for a new trial."

Counsel for plaintiff in error in their brief say :

" There are none of the proceedings had on the trial of said cause, which took place before his honor Judge Doster, before this court ; while we have a case-made, certified to by his honor Judge Earle, which says it contains all the proceedings had in said cause, we know that the judge could not make such a certificate with authority, for the very good and sufficient reason that he knew nothing whatever about what proceedings were had before his predecessor."

We agree with the contention of the plaintiff in error that Judge Doster was the proper person to settle the case as to all matters tried by him.

We have examined the evidence introduced as to the misconduct of the jurors, and approve the finding of the court that the jurors were not guilty of misconduct. The only remaining question is whether Judge Earle could overrule the motion for a new trial and render a judgment upon the verdict.

Counsel for plaintiff in error admitted to Judge

Earle that the verdict was sustained by the weight of the evidence, and presented to him what was agreed to be a copy of the evidence, and contended that the demurrer to the evidence of defendant in error should have been sustained. We think Judge Earle was competent to pass upon this legal proposition when requested to by the parties. The plaintiff in error waived the grounds upon which he was entitled to a new trial.

The court did not err in overruling the motion for a new trial and in rendering a judgment upon the verdict.

The judgment of the district court is affirmed.