(116 So. 568)

No. 27062.

## DUPLANTIS v. BARROW.

## BARROW v. DUPLANTIS et al.

March 12, 1928. Rehearing Denied· April 9, 1928.

*(Syllabus by Editorial Staff.)*

1. **Judges** &#x25ca;&#x2192;32—**Judge held competent to pass on merits of case begun before predecessor and to decide whether preliminary injunction should be dissolved.**

In third opposition to sequestration of property of partnership for liquidation, judge taking office after predecessor before whom case was begun, resigned, was fully competent to pass on merits of case and to decide whether preliminary injunction preventing sheriff from further holding property under seizure granted by his predecessor should be dissolved or maintained in whole or in part.

2. **Sequestration** &#x25ca;&#x2192;18—**Partner claiming property as against firm held required to prove with clear legal certainty that property was within lease agreement that certain property should remain that of partner's plantation.**

Where owner of plantation had leased it to partnership composed of himself and another for many years, and·prior to contract of 1916 all partnership agreements and leases contained only word "on" when referring to improvements made on plantation which owner might individually claim,. provision· that he might claim buildings, repairs,. and improvements made "on or for" such plantation and machinery added during term of partnership appearing first in contract of 1916, which ·was subsequently renewed,' did not have retroactive effect, and, to be entitled as third ' opponent in sequestration pro· ceedings· to liquidate partnership to certain property as against partnership he must prove with clear and legal certainty that such property came under heading of buildings, repairs, and improvements made on or for plantation and machinery added during term of lease.

3. **Sequestration** &#x25ca;&#x2192;18—**Awarding·landlord machinery and equipment on leased plantation as against lessee partnership held proper under lease.**

Where owner of plantation leased it to partnership of which he was member with provision that all buildings, repairs, and improvements made on or for plantation and machinery added during term of partnership would remain property of plantation at expiration of partnership, on proof that two cane loaders, smokestack, and railroad rails were on such plantation, awarding them to plantation owner in third opposition proceedings against sheriff holding sequestered. goods pending appointment and. qualification of· liquidator of partnership was proper.

4. **Sequestration** &#x25ca;&#x2192;18—**Landlord held not entitled under lease to lessee's machinery, which had never been on plantation leased.**

Where owner of plantation leased it to partnership of which he was member, with provision that all buildings, repairs, and improvements made on or for plantation and machinery added during term of partnership should remain plantation's property at expiration of partnership, refusing to award four barges, 12 cane hoists, and two cane scales, which had never been on leased premises to him as third opponent in proceedings to sequester property pending appointment and qualification of liquidator, was proper.

5. **Costs** &#x25ca;&#x2192;61—**Third opponent recovering part of property claimed held not liable for costs.**

Third opponent recovering part of property seized as property of partnership under sequestration order should not have been required to pay costs.

6. **Injunction** &#x25ca;&#x2192;258—**Reserving right to liquidator of partnership and deceased partner's heirs to sue jointly the other partner, third opponent for wrongful issuance of injunction, held proper.**

Where surviving partner brought third opposition proceeding as against property claimed to be that of partnership held under sequestration order pending qualification and appointment of liquidator of partnership, and applied for preliminary injunction prohibiting sheriff from further holding property, after awarding third opponent part of· such property, reserving right to sue him for damages for wrongful issuance of injunction to heirs. of deceased partner and liquidator jointly was proper.

7. **Appeal and error** &#x25ca;&#x2192;984(5)—**Disallowance of attorney's fees to third opponent in sequestration for lack of showing as· to value of property held final.**

In third opposition proceeding against property sequestered pending appointment and qualification of liquidator of partnership in which third opponent asked attorney's fees of 10 per cent. of value of property sequestered, in absence of showing of such value trial judge's

disallowance of attorney's fees to third opponent *held* final.

8. Appeal and error ⊕=878(6)—Refusal of attorney's fees on dissolving injunction, not appealed from, held final, though amount claimed was admitted reasonable.

Where third opponent's injunction against sequestration of property of partnership was dissolved, refusal of attorney's fees to administrator of succession of deceased partner, not appealed from by administrator, was final, though amount claimed was admitted to be reasonable.

9. Costs ⊕=61—Third opponent claiming alleged partnership property and liquidator of partnership, each winning part of property, should be required to share costs equally.

In third opponent's proceeding against property sequestered pending appointment and qualification of liquidator of partnership, in which both third opponent and liquidator were awarded part of property, they should be required to share costs equally.


Appeal from Seventeenth Judicial District Court, Parish of Terrebonne; Robert B. Butler, Judge.

Proceeding by Robert R. Barrow as third opponent against Caliste A. Duplantis, individually and as administrator of the succession of H. C. Duplantis, and for an injunction. From the judgment below the third opponent, Robert R. Barrow, appeals. On the death of Robert R. Barrow pending the appeal, Mrs. Jennie Tennent Barrow, his widow and dative executive, was made party appellant. Amended and affirmed.

Harris Gagne, of Houma, for appellant.

Caillouet & Caillouet, of Thibodaux, for appellee Caliste A. Duplantis.

Ellender & Ellender, of Houma, for appellee Kilpatrick.


LAND, J. The planting partnership of Barrow & Duplantis expired on December 31, 1920. Under an order of court of the same date, directing a judicial sequestration of the partnership property and effects of the late firm of Barrow & Duplantis, pending the appointment and qualification of a liquidator, the sheriff of Terrebonne parish took into his official custody on January 1, 1921, certain personal property, consisting of cane barges, loaders, hoists, scales, a lot of railroad rails, and a smokestack, alleged to be valued at the sum of $10,000.

Thereupon, Robert R. Barrow, a member of the late firm of Barrow & Duplantis, instituted the present proceeding, and claimed in the lower court by third opposition the individual ownership of all of the property sequestered, and applied for preliminary writ of injunction prohibiting the sheriff from further holding the property under seizure.

In his opposition, third opponent also claims damages in the sum of $1,000 for annoyance and mortification caused by the alleged illegal seizure of the property by the sheriff, and attorney's fees in the sum of $1,000, or 10 per cent. of the alleged value of the property sequestered.

Under the judicial sequestration ordered by the lower court, the sheriff took into his possession the following described property. Twelve cane barges, two cane loaders, three cane hoists (Little Caillou), one cane hoist (Grand Caillou), seven cane hoists (Barrataria & Lafourche canal), one cane hoist (Bayou Terrebonne), one cane scale (Little Caillou), one cane scale (Bayou Blue), one smokestack, and one lot (about 271) railroad rails, valued at $9,200.

On January 6, 1921, a preliminary injunction was issued herein by Judge H. M. Wallis, Jr., who resigned before passing upon the merits. The present trial was had before his successor, Judge Robert B. Butler, upon the evidence taken in the case on the merits before Judge Wallis. The preliminary injunction granted by Judge Wallis was maintained by the judgment of the lower court as to eight barges sold by H. C. Duplantis to third opponent, and as to the two cane loaders, the smokestack, and railroad rails, and

third opponent was decreed to be the owner of this property.

The preliminary injunction, however, was recalled and dissolved by this judgment as to all of the other articles sequestered, the ownership of which was recognized as vested in the partnership of Barrow & Duplantis in liquidation, and the right to sue for damages for the illegal seizure of this property was reserved to the heirs of H. C. Duplantis, and to the liquidator of the late partnership of Barrow & Duplantis, who had intervened in the third opposition proceedings.

The third opponent, Robert R. Barrow, was condemned to pay all costs of the proceedings, and has appealed.

Mrs. Jennie Tennent Barrow, widow and dative executrix of Robert R. Barrow, third opponent, has been made party appellant, due to the death of her husband during the pendency of the appeal.

Appellees have neither joined in nor answered the appeal, and are satisfied, apparently, with the judgment as rendered by the lower court.

[1] At the outset, we will observe that Judge Butler, after the resignation of Judge Wallis, was fully competent to pass upon the merits of the case, and to decide the issue whether the preliminary injunction granted by Judge Wallis should be dissolved, or maintained, in whole or in part. In Barton v. Burbank, 138 La. 1000, 1001, 71 So. 135, a similar issue was disposed of in the following language:

"As to the exception, the litigants had had their day in court, with full opportunity to cross-examine each other's witnesses. They came before the successor in office of the judge, who heard the testimony upon terms of perfect equality, and there was no more reason why he should not have decided the case upon that testimony, than why this court should not do so. Saint v. Martel, 127 La. 87, 53 So. 432."

It appears from the certificate of the clerk of the district court of Terrebonne parish that the record before us contains "a true, correct, and complete transcript of all the documents filed, all the testimony adduced, and all the proceedings had in said suit." Transcript, p. 125.

The planting partnership of Barrow & Duplantis, as shown by the evidence, has existed for a number of years under a lease of the Myrtle Grove plantation, located in the parish of Terrebonne, and owned individually by Robert R. Barrow. The present refinery has been on the place since the year 1898, and the partnership antedates even that year.

We are concerned in this case, however, with articles of partnership of more recent date. As recited in authentic act of partnership and lease of date August 8, 1916, the partnership theretofore existing between Robert Ruffin Barrow and Henry Clay Duplantis had expired. In the same act the parties declared that they desired to form an ordinary agricultural partnership for the years 1917 and 1918 for the purpose of cultivating in sugar cane, corn, and other products "the Myrtle Grove plantation of the said Barrow."

The partnership of Barrow & Duplantis leased from Barrow for the years 1917 and 1918 his Myrtle Grove plantation for the following consideration:

(1) Five thousand dollars cash per year for rent of the plantation with buildings and improvements thereon.

(2) Insurance, during the term of the partnership, of the sugar house and fixtures and refinery on the Myrtle Grove plantation against fire, for the benefit of the owner.

(3) "All buildings, repairs and improvements made *on or for said Myrtle Grove plantation* and machinery added *during the term of said partnership* shall be made at the cost and expense of the partnership, each partner paying half and *the same to remain the property of said plantation* at the expiration of the partnership *free of cost or expense to said*

*Barrow* unless otherwise agreed in writing." (Italics ours.)

(4) It is stipulated that "at the expiration of this contract there shall be left on the Myrtle Grove plantation, properly put down, sufficient seed cane to plant 300 acres of land, which shall be a part consideration for the use of the plantation."

(5) "All the taxes, state, parochial, municipal or others of any kind assessed against the said Myrtle Grove plantation for the years 1917, 1918, shall be paid by the partnership."

The above subheads correspond with articles 3, 7, 11, 13, and 15 of the authentic act of date August 8, 1916.

The partnership agreement and lease for the years 1917 and 1918 expired December 31, 1918, and on June 11, 1919, it was agreed in writing between Duplantis and Barrow that the contract "between them regarding the Myrtle Grove plantation" should be continued "for the years 1919 and 1920, upon *the same terms and conditions* as the contract above referred to which expired at the end of the year 1918."

Duplantis died in September, 1919, and Caliste A. Duplantis, his son, was duly appointed and qualified as administrator of his estate.

The renewed contract for the years 1919 and 1920 expired December 31, 1920.

[2] In order that third opponent may recover any of the property judicially sequestered in this case, it is necessary for him to prove with clear legal certainty that his claim comes within the terms of the partnership agreement and lease after January 1, 1917, and falls under the head of "All buildings, repairs and improvements made *on or for* said Myrtle Grove plantation and machinery added *during the term* of said lease."

It must be observed that the contract of partnership and lease from 1917 to 1920, inclusive, was not a continuous one, but was made by express agreement in the year 1916

for the years 1917 and 1918, and was renewed in 1919 for that year and the following year, 1920. The "term of said partnership," as used in each of these contracts for renewal, relates to a new and prospective term of two years, and not to any past term in any contract entered into before the year 1916.

The third opponent admits in his testimony that *prior* to the contract of 1916, all partnership agreements and leases contained only the word "on," when referring to improvements made on the Myrtle Grove plantation which he might individually claim, and that the words "or for" the Myrtle Grove plantation appear for the first time in the contract of 1916, entered into for the years 1917 and 1918.

It is clear, therefore, that none of these partnership and lease agreements after 1916 can be so construed as to have a retroactive effect, and that the third opponent cannot justly claim that whatever was put on or purchased for the plantation, at any time prior to January 1, 1917, became the property of the plantation at the expiration of the partnership agreement and lease on December 31, 1920.

The fact that third opponent purchased from H. C. Duplantis on January 30, 1902, nine of the barges described in the act of sale of that date as "being the joint property of Barrow & Duplantis and used by them in transporting cane to their factory" is utterly inconsistent with the present attitude of third opponent in asserting any claim of ownership to any of this property by virtue of any partnership agreement and lease entered into prior to January 1, 1917.

[3] One of the nine barges purchased by third opponent from his partner in 1902 was destroyed in a storm in 1907. The eight remaining barges were awarded third opponent in the judgment of the lower court only by virtue of his purchase of these barges. The two cane loaders, the smokestack, and rail-

road rails are proved to have been "on" the Myrtle Grove plantation.

[4] However, the remaining four barges, the twelve cane hoists, and the two cane scales, adjudicated to the liquidator of the late partnership of Barrow & Duplantis, had never been on the leased premises.

We find no error in the judgment appealed from, except in the matter of costs.

[5] As the third opponent recovered a part of the property he claimed, he should not have been condemned to pay the costs of the proceeding, as has been done in the judgment of the lower court.

[6] Third opponent, appellant, complains also that the right to sue him for damages for the wrongful issuance of the injunction should not have been reserved to the heirs of Duplantis and the liquidator jointly. The only reason assigned by third opponent is that this is anomalous. Our conclusion is that the judgment is technically correct in this respect, as the succession of Duplantis, and the late partnership of Barrow & Duplantis are separate and distinct legal entities, and the heirs of decedent have a residuary interest in the assets of the late firm, if any should remain after liquidation. It may be that the liquidator may not see fit to pursue the reservation in his favor if the partnership should prove to be solvent. In such event, the administrator of the succession of Duplantis might well assert a claim for damages, if any, against the third opponent. At all events, the third opponent cannot be compelled to pay damages in the case but once, regardless of the joint reservation of the right to sue in favor of the liquidator and of the heirs of Duplantis.

[7, 8] The attorney's fees claimed by third opponent are based upon 10 per cent. of the value of the property sequestered. We do not find in the record any proof of the value of this property, beyond an allegation in the petition of third opponent that its value is $10,000, nor do we find any proof or admission of the value of the services rendered by the attorney for third opponent.

However, in the written opinion of the trial judge we note that the attorney's fees claimed by third opponent, and also those claimed by the administrator of the succession of H. C. Duplantis for the dissolution in part of the writ of injunction, were disallowed by the trial judge, in the absence of any knowledge upon his part as to the value of the property awarded to third opponent and to the partnership of Barrow & Duplantis in liquidation. While it is admitted that the sum of $500 (claimed as fees by the attorney's for the administrator for the dissolution in part of the writ of injunction) is a fair valuation of the services rendered, yet the administrator of the succession has not joined in the appeal, nor asked for an amendment in this respect of the judgment, which is now final on this subject.

[9] The judgment appealed from is amended so as to tax in equal portions the costs of the lower court against the succession of H. C. Duplantis, deceased, and against the partnership of Barrow & Duplantis in liquidation.

It is now ordered that the judgment, as amended, be affirmed, and that appellees, the succession of H. C. Duplantis and the partnership of Barrow & Duplantis in liquidation, pay the costs of appeal.