**CAHILL v. MAYFLOWER BUS LINES, Inc., et al.**

**No. 446.**

Circuit Court of Appeals, Second Circuit.

June 10, 1935.

Lynch, Cahn & Weed, of White Plains, N. Y. (Humphrey J. Lynch, Monroe J. Cahn, and George B. Francis, all of White Plains, N. Y., of counsel), for appellant.

John M. Gibbons, of New York City, for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

While appellant was a passenger in a bus operated by the defendant Mayflower Bus Lines, Inc., and while crossing a bridge over the appellee New York, New Haven & Hartford Railroad Company's tracks, in the village of Rye, Westchester county, N. Y., the bus collided with a truck and appellant was severely injured. Alleging the collision was due to negligent defects in and lack of proper maintenance of a roadway over the bridge, appellant sued appellee Railroad Company, and sued the defendant Mayflower Bus Lines, Inc., for alleged negligence of its chauffeur. The trial resulted in a jury's verdict for the appellant against the New York, New Haven & Hartford Railroad Company and for the defendant Mayflower Bus Lines, Inc. The trial judge reserved decision on a motion for a directed verdict at the end of the submission of the evidence, and later reserved the decision on the motion to set aside the verdict after its rendition. While these motions were still undecided, a motion was made by appellant for an order continuing the trial for the purpose of enabling appellant to sever the action, and to have a new trial as against the appellee the New York, New Haven & Hartford Railroad Company, with leave to serve an amended complaint. The proposed amendment of the complaint amplified structural defects in the bridge said to have come to appellee's notice for the first time during the trial.

The issue submitted to the jury as to appellee's negligence was the failure to maintain the railroad bridge and roadway as required by section 93 of the Railroad Law of New York State (Consol. Laws N. Y. c. 49, amended by Laws 1928, c. 546, § 21), after notice of defects by the village of Rye. The motion to continue the trial was made returnable March 16, 1934, and the trial judge died March 14, 1934. Another district judge was assigned to hear and pass upon the motions for a directed verdict and for the leave requested to serve an amended complaint.

The successor judge directed a verdict for appellee Railroad Company and denied the motion for leave to amend the complaint. Appellant argues that the death of the trial judge caused a mistrial and that a new trial should be ordered.

The question is therefore presented whether the successor judge had the power to pass upon the reserved motion, pending before the trial judge, for a directed verdict. In Life & Fire Ins. Co. v. Wilson, 8 Pet. 291, 303, 8 L. Ed. 949, an action on a mortgage, the trial judge rendered a decision and died before signing it. Passing upon the power of a successor judge to do so, the court said that: "He, as the successor of his predecessor, can exercise the same powers, and has a right to act on every case that remains undecided upon the docket, as fully as his predecessor could have done. The court remains the same, and the charge of the incumbents cannot and ought not, in any respect, to injure the rights of litigant parties."

Malony v. Adsit, 175 U. S. 281, 20 S. Ct. 115, 44 L. Ed. 163, held that no bill of exceptions could be lawfully authenticated unless signed by the trial judge, but this result has been changed by statute (Act of June 5, 1900, c. 717, § 1, 28 USCA § 776). United States v. Meldrum, 151 F. 177, 10 Ann. Cas. 324 (C. C. A. 9).

In Chin Wah v. United States, 13 F.(2d) 530 (C. C. A. 2), the trial judge resigned before sentence, and the sentence imposed by another judge was held lawful. After death of the trial judge, a successor judge may pass upon a motion for a new trial. In King v. United States, 25 F.(2d) 242 (C. C. A. 6), where the stenographic minutes of the proceedings were available to a successor judge, after the death of the trial judge, it was held he might pass upon the motion for a new trial. In Thomas-Bonner Co. v. Hooven, Owens & Rentschler Co., 284 F. 386 (C. C. A. 6), the court held the parties could agree that a successor judge should hear and dispose of the case on the testimony and exhibits already introduced and upon argument of counsel, but consent alone would not confer the power upon the successor judge. Such powers in a successor judge are found in the state court decisions. See Benson v. Hall, 197 Mass. 517, 83 N. E. 1036; People v. McConnell, 155 Ill. 192, 40 N. E. 608; Commonwealth v. Gedzium, 261 Mass. 299, 159 N. E. 51; In re Martin Nolan's Will, 71 N. J. Eq. 207, 63 A. 618; Duplantis v. Barrow, 165 La. 1091, 116 So. 568.

In Freeman v. United States, 227 F. 732, this court held a judge could not be substituted for another during the taking of testimony because a substituted judge would be unable to advise the jury about the value of the testimony and that a defendant was not free to waive a jury trial. It is now authoritatively decided a defendant may waive a jury. Patton v. United States, 281 U. S. 276, 50 S. Ct. 253, 74 L. Ed. 854, 70 A. L. R. 263.

The question which the successor judge had to decide in the instant case was whether the written notice of defects in the roadway, served by the village of Rye, sufficiently apprised the appellee Railroad Company of the defects in the roadway so as to comply with section 93 of the Railroad Law (amended by Laws 1928, c. 546, § 21). It was not essential to have heard or seen the witnesses to pass on this question. The successor judge, in his opinion, tells us he studied the full record. Such examination of the record and the documents fully prepared the successor judge to reach a determination.

It is next argued that the consent granted by the appellant to a reservation of the motion for a directed verdict was given only to the trial judge and did not extend to the successor judge. The reservation was for the court, not the trial judge personally, and the consent to consider a reserved motion extended to the successor judge. The practice of reserving decision after obtaining consent of the parties therefor was followed in Hoffman v. American Mills Co., 288 F. 768 (C. C. A. 2), and was properly adopted by the trial judge. In passing on the motion, the successor judge was not obliged to pass on the credibility of witnesses. He did not consider any disputed questions of fact. His decision is confined to the question of the notices, that is, whether those served by the village on the appellee Railroad Company were insufficient to constitute the notice required by section 93 as a condition precedent to its liability.

The existence of holes on the highway over the bridge was contradicted. There was some evidence of a depression on the immediate approach of the roadway over the bridge, that is, that there was a mound or hump on top of the abutment. The first notice refers to "several large holes in the pavement on the Boston Post Road railroad bridge"; the second notice, to "the large holes in the pavement on the railroad bridge"; the third, that "recently some repairs were made on the bridge due to holes which were worn in the amiesite. These holes, instead of being patched with amiesite, were filled in by boards which did not make a very good job." It is clear that these notices related to holes on the roadway of the bridge span which had been filled in with boards, but the hump or depression had never been covered with boards. The fourth notice refers to the railroad bridge, repair of the pavement, and "boards nailed to the original wood flooring." Neither the abutments nor the highway to the north of the abutment contained any wood flooring.

Section 93 of the Railroad Law provides that where a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutment shall be maintained and kept in repair by the railroad corporation, and the roadway thereover and the approaches thereto shall be kept in repair by the municipality having jurisdiction over and in which the same are situated. But it also provides that in the case of an overhead bridge, constructed before July 1, 1897 (this was) the roadway and approaches which the railroad corporation was under obligation to maintain and repair, shall continue as its obligation "provided the railroad corporation shall have at least ten days' notice of any defect in the roadway thereover and the approaches thereto, which notice must be given in writing by the town superintendent of highways or other duly constituted authority, and the railroad corporation shall not be liable by reason of any such defect unless it shall have failed to make repairs within ten days after the service of such notice upon it."

■ The notice which it was necessary to serve in order to hold the railway company responsible was notice of the defect complained of. There was no evidence of a hole existing in the surface of the bridge. The village did not give notice of a depression or hump or both, and the notices did not mention a depression or hump in the approach.

We think the successor judge had the power, and rightly exercised it, in his decision holding the notices insufficient. That conclusion required a dismissal of the complaint on the motion reserved therefor.

The appellant admits that the complaint and proposed amended complaint are for the same cause of action. Paragraph 7 of the complaint alleged negligent construction of the approach and negligent construction of the bridge highway, and the bill of particulars served did likewise. In an affidavit, asking leave to serve the proposed amended complaint, counsel for the plaintiff admitted he had no cause of action unless the four letters constituted notice. A new trial was desired by the appellant on the theory of a negligent construction of the northerly end of the bridge highway, but the motion to amend comes too late in view of the conclusion we have reached that the court below was right in directing a verdict for the appellees because of the insufficiency of the notices.

■ Appellant failed to show the exercise of diligence, prior to the trial, to discover any new matter or that the new matter has been discovered since the trial. Toledo Co. v. Computing Co., 261 U. S. 399, 425, 43 S. Ct. 458, 67 L. Ed. 719. And in the exercise of sound discretion, the court below properly denied the motion to amend the complaint. In re Bieler, 295 F. 78, 83 (C. C. A. 2); American Mills Co. v. Hoffman (C. C. A.) 275 F. 285, 290.

Judgment affirmed.