BEERS v. ARNOT.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
    Upon plaintiff's appeal in a case where the trial judge directed verdict for defendants the facts must be viewed by the Supreme Court in a light most favorable to plaintiffs.

2. AUTOMOBILES — PEDESTRIANS — CROSSING HIGHWAYS — DUTY TO MAKE OBSERVATION.
    While a person has a right to cross a highway and use it equally with operators of vehicles, he is not excused from the duty of exercising reasonable care to see where he is going.

3. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—PASSING TO REAR OF TRUCK.
    Eighteen-year-old passenger of westbound truck which was stopped on north part of 18-foot pavement at 6:30 p. m., late in June, about 30 or 40 rods east of a rise in the road which

obscured the view of eastbound traffic until the crest of the hill was reached, who alighted on north side of truck and passed to the rear and started to cross the south half of the road and was hit at edge of pavement or near same on shoulder of road by eastbound car traveling at speed of 45 to 50 miles an hour without having seen defendants' car approaching was guilty of contributory negligence as a matter of law.

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted April 13, 1944. (Docket No. 39, Calendar No. 42,549.) Decided May 17, 1944.

Separate actions of case by Kenneth Beers, an infant, by his next friend, and Roy Beers against Irving Arnot and another for damages sustained when Kenneth Beers was hit by a truck. Cases consolidated. Directed verdict and judgment for defendants. Plaintiffs appeal. Affirmed.

*Atkins & Stommel,* for plaintiffs.

*Charles W. Rigney,* for defendant Arnot.

*Robert W. McKenzie,* for defendant Michigan Sugar Co.

SHARPE, J. On June 25, 1941, at about the hour of 6:30 p. m., Kenneth Beers, who was then 18 years of age, was riding in a truck traveling west on Peck road. Peck road is a black-top road about 18 feet in width with about 4 or 5 feet of shoulder on each side. Kenneth Beers was in the cab of the truck and two fellow employees were riding on the rear platform. When the truck reached a point west of the village of Peck, it stopped in the northerly lane of travel with its left wheels near the center of the road. About 30 or 40 rods west of the point where the truck stopped, the road rises to an incline so that traffic from the west was obscured

from the view of anyone in the position of the truck until such traffic reached the crest of the hill.

When the truck came to a stop, Kenneth Beers got out of the right cab door of the truck. As he did so, he made an observation to the west and noticed that no cars were coming from that direction. He then walked east along the north side of the truck, and then to the south, around the back of the truck until he approached the southeast end of the truck. He then looked to the west, saw no cars approaching, and proceeded to walk south across the 9 or 10 feet of black-top. He reached the edge of the black-top when he noticed the approach of Arnot's car. He then gave a lunge and was on the shoulder of the road at or about the south edge of the black-top when he was struck by defendant Arnot's car. As a result of the accident, Kenneth Beers was severely injured.

Kenneth Beers by his next friend and Roy Beers, his father, brought actions against defendant Arnot, owner and driver of the car, and Arnot's employer, defendant Michigan Sugar Company. The causes were consolidated and came on for trial before a jury. At the close of plaintiffs testimony the trial court directed the jury to bring in a verdict for the defendants. Plaintiffs appeal and contend that Kenneth Beers was not guilty of contributory negligence as a matter of law.

Because the trial court directed a verdict in favor of the defendants, we must look at the facts in a light most favorable to plaintiffs.

Kenneth Beers testified that as he was getting out of the cab of the truck, he looked to the west and saw no car approaching. He then went to the back of the truck and when he was about in the middle of the highway, he made a second observation, but saw nothing. He said:

"The sun was shining and I didn't see nothing coming.

"Q. Which way did you look?

"A. To the west. * * *

"Q. How did you go across? What gait did did you use?

"A. I was walking fast.

"Q. Did you at any time run before you were struck?

"A. No. * * *

"The first I saw the car was at the edge of the pavement. The sun was shining from the west at the time.    I was between the south edge of the black-top and the ditch when I was hit."

Ray Dingman, a witness produced by plaintiff, testified that when Irving Arnot, the driver of the car, was going over the hill, he was traveling at the rate of 60 miles per hour; and at the point of impact Arnot was driving at the rate of approximately 50 miles per hour.

Russell Beals, another witness produced by plaintiff, testified that at the time of the impact defendant Arnot's car was traveling at a speed of 45 miles per hour. He said:

"When I first saw Kenneth he was on the black-top on the north side of the road. * * * Mr. Arnot swerved a little to the north to avoid hitting Kenneth. * * * At the time Kenneth came around back of the truck the Arnot car was fairly close. * * *

"Mr. Rigney: How far in feet would you say the Arnot car was from Kenneth as he came out behind the truck?

"A. It would be about 50 to 60 feet. Somewhere around 45 or 50 feet."

The observation that Kenneth Beers made as he stood behind the truck before crossing the south

half of the highway is of importance in determining the question of contributory negligence.

In *Carey* v. *DeRose,* 286 Mich. 321, we said:

"We have repeatedly held that one must look before entering a place of possible danger, such as crossing an intersection, and maintain observation while crossing."

In *Haley* v. *Grosse Ile Rapid Transit Co.,* 290 Mich. 373, we said:

"While a pedestrian undoubtedly has the right to cross the street in the middle of a block and to use the highway equally with the operators of vehicles, he is not excused from the duty of exercising reasonable care to see where he is going."

In *Ayers* v. *Andary,* 301 Mich. 418, 425, we said:

"If one is to make a proper observation of an oncoming car under the circumstances of the instant case, the observation must include not only the distance the approaching car is from the point of possible collision but also some observation and judgment of its approximate speed."

See, also, *Francis* v. *Rumsey,* 303 Mich. 526.

If plaintiff had made a proper observation as he stood in the middle of the highway, he would have seen defendant's automobile traveling at a speed of 45 to 50 miles per hour and at a distance of approximately 60 feet away. To attempt to walk across the south half of the highway and then jump at the last instant under the circumstances of this case was in disregard of his own personal safety and precludes recovery. The trial court was right in directing a verdict in favor of defendants.

The judgments are affirmed, with costs to defendants.

North, C. J., and Starr, Wiest, Butzel, Bushnell, Boyles, and Reid, JJ., concurred.