DILLON v DILLON

Docket No. 71170. Submitted February 16, 1984, at Lansing.—Decided
    May 1, 1984.

    Ethel M. Dillon filed in Oakland Circuit Court a complaint for
    divorce from Percy B. Dillon, who in turn filed a counter-
    complaint for divorce. Following seven days of trial, Farrell
    Roberts, J., found from the bench that the marriage had
    broken down to the extent that the parties could no longer live
    together. The parties were directed to file closing arguments on
    the question of the property disposition. The order of property
    disposition indicated that "given the testimony presented and
    the lapse of time, it is the finding of this Court that each party
    will be awarded the property in its possession". The only
    specific finding of fact related to certain items of jewelry. No
    judgment of divorce was entered prior to the retirement of
    Judge Roberts. Plaintiff moved for entry of a judgment of
    divorce before the successor to Judge Roberts, Fred M. Mester,
    J. Defendant objected; however, Judge Mester signed and en-
    tered a judgment of divorce which incorporated the order of
    property disposition which had been signed by Judge Roberts.
    Defendant moved for a new trial, which was denied. Defendant
    appeals. *Held:*

        1. Since the record clearly reflects that neither party wished
    the marriage to continue and that the marriage had, indeed,
    broken down, Judge Roberts's finding as to the question of the
    granting of the divorce, while brief, was a sufficient finding of
    fact and law to comply with the mandate of the controlling
    court rule. Judge Mester, as Judge Roberts's successor, properly
    entered a judgment dissolving the marriage.

        2. The question of the disposition of the marital property was

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 414.
[1-4] 76 Am Jur 2d, Trial § 1257.
[2-4] 24 Am Jur 2d, Divorce and Separation § 411.
[3] 24 Am Jur 2d, Divorce and Separation § 864 *et seq.*
[4] 46 Am Jur 2d, Judges §§ 34, 35, 37.
    Power of successor or substituted judge, in civil case, to render
    decision or enter judgment on testimony heard by predecessor. 22
    ALR3d 922.

hotly contested in the trial court, with conflicting testimony as to how and when various items of property had been acquired. Judge Roberts's order of property disposition failed to indicate what testimony he believed, what facts he found to have been proven, and what was the basis for his conclusion to grant to each party the property they then had in their possession. Judge Roberts's order of property disposition failed to articulate his findings of fact with sufficient specificity to disclose the choices he made between the competing factual assertions; accordingly, his conclusory findings do not satisfy the mandate of the court rule governing findings of fact by a trial court sitting without a jury.

3. In the absense of adequate findings of fact relative to the property disposition question by Judge Roberts, who heard the evidence, Judge Mester, as successor to Judge Roberts, was without authority to enter a judgment relative to the property disposition question. Under such circumstances a new trial must be granted.

Affirmed in part, reversed in part, and remanded.

1. TRIAL — NONJURY TRIALS — FINDINGS OF FACT.

The court rule relative to the findings of fact and law to be made by a trial judge sitting without a jury contemplates that such findings will be articulated with a degree of specificity which will disclose to a reviewing court the choices made by the trial judge between competing factual assertions (GCR 1963, 517.1).

2. DIVORCE — FINDINGS OF FACT.

A finding by the trial judge in a divorce action that there was a breakdown of the marriage to the extent that the parties can no longer live together constitutes a sufficient recitation of the judge's factual findings within the meaning and intent of the court rule governing findings of facts and law by a trial judge sitting without a jury where the record is clear that the marriage had completely broken down and that neither party wished the marriage to be continued (GCR 1963, 517.1).

3. DIVORCE — FINDINGS OF FACT.

Findings of facts by a trial judge in a divorce action which fail to delineate what of the conflicting testimony as to the acquisition of the property of the marriage was believed, what facts the trial judge believed had been proven, and what was the basis for the trial judge's decision as to property disposition are insufficient under the court rule relative to the findings of fact and law to be made by a trial judge sitting without a jury (GCR 1963, 517.1).

4. TRIAL — SUCCESSOR JUDGE — FINDINGS OF FACT — NEW TRIAL.
 A successor judge has no authority to enter judgment in an
 action which was heard by his predecessor sitting without a
 jury where such predecessor judge failed to make adequate
 findings of fact and law before leaving office; in such cases, a
 new trial is mandated, absent consent by the parties to have
 the matter adjudicated by the successor judge on the record
 made before the predecessor judge (GCR 1963, 531).

Oakland Livingston Legal Aid (by *Dorothy L. Cottrell*), for plaintiff.

*Raymond A. MacDonald,* for defendant.

Before: DANHOF, C.J., and HOOD and SHEPHERD, JJ.

PER CURIAM. Plaintiff, Ethel M. Dillon, filed a complaint for divorce against defendant, Percy B. Dillon. Defendant filed a counter-complaint for divorce. Trial began on October 30, 1981, before Judge Farrell Roberts of the Oakland County Circuit Court and continued for six days in November, 1981. Both parties testified extensively regarding marital assets and how such assets were obtained. The testimony diverged sharply on the issue of which party had contributed money toward the accumulation of property.

At a hearing held on May 6, 1982, Judge Roberts indicated from the bench that he was granting a divorce to the parties. He made no findings of fact or conclusions of law concerning the property disposition at this hearing. He did find that:

*"The Court:* It is very obvious from the evidence that the marriage is broken down to the extent it, that it's not going to continue. I therefore find with respect to the marriage itself it is very obviously broken down to the extent that they can no longer live together. The judgment will be granted with immediate effect."

The parties were directed to file written closing arguments on the property disposition, which issue was reserved. On June 11, 1982, a "Property Disposition" was entered by the court. The property disposition reads:

"There was testimony presented in this case that, even in this 'no fault' era, would indicate some very extraordinary efforts were taken by the husband to dispose of the house and its contents.

"However, given the testimony presented and the lapse of time, it is the finding of this court that each party will be awarded the property in its possession. There were some items of personal jewelry which at one time belonged to Mr. Dillon. The most credible evidence as to this property was that Mr. Dillon gave them to his son, Griffith Dillon.

"It is so ordered."

No judgment of divorce was entered by Judge Roberts.

At some point subsequent to the entry of the property disposition, Judge Roberts retired and his successor, Judge Fred Mester, was assigned to this case. On July 9, 1982, plaintiff moved for entry of a judgment of divorce. Defendant objected, but on December 3, 1982, Judge Mester signed and entered a judgment of divorce which included Judge Roberts's property disposition. Defendant filed a motion for new trial, which was denied by Judge Mester on April 23, 1983. Defendant presently appeals as of right from the judgment of divorce and the denial of his motion for new trial.

On appeal, defendant argues that Judge Mester lacked authority to enter a judgment of divorce because Judge Roberts failed to make sufficient findings of fact and conclusions of law. We agree in part, as we find the property disposition to have

been unsupported by findings of fact and conclusions of law.

GCR 1963,[1] 531 authorizes a successor judge to perform duties necessary in a case "after a verdict is returned or findings of fact and conclusions of law are filed". The rule also allows the successor judge, in his discretion, to grant a new trial.

GCR 1963, 517.1 requires that in all actions tried without a jury, "the court shall find the facts specially and state separately its conclusions of law thereon". It is sufficient if the court makes "brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts". GCR 1963, 517.1. The rule contemplates a degree of specificity which will disclose to a reviewing court the choices made between competing factual assertions. *Holbern v Holbern,* 91 Mich App 566; 283 NW2d 800 (1979).

Judge Roberts's finding that there had been a breakdown of the marriage relationship was sufficient to support the judgment of divorce entered by Judge Mester. Although Judge Roberts's factual findings are very brief, the record is clear that the marriage had completely broken down and that neither party wished its continuation. We accordingly affirm Judge Mester's grant of a divorce to the parties.

The only statements made by Judge Roberts which were arguably findings of fact on the issue of division of marital assets were contained in the property disposition order. Although plaintiff argues that the trial court's finding, based on the testimony presented, that each party would be awarded the property in his or her possession was sufficient, we are unable to so conclude. Both parties testified extensively as to purchases of real

estate, vehicles, household furnishings and effects, other personal property, insurance policies, and a wide variety of other matters. The trial judge's statement in the property disposition order in no way indicates what testimony was believed, what facts had been proven in the trial judge's mind, or what the basis was for the trial judge's decision.

Although we are reluctant to order retrial of a case which has already consumed seven days in testimony, the absence of any factual findings and conclusions of law by the initial trial judge relative to the question of the property disposition makes such action necessary. Judge Mester was without authority to resolve this issue. See *Christopher v Nelson,* 50 Mich App 710, 711-712; 213 NW2d 867 (1973), *lv den* 391 Mich 819 (1974).

Affirmed in part and reversed in part. Remanded for proceedings consistent with this opinion. No costs, neither party having prevailed in full.