**Vane O. BELL, Petitioner,**

v.

**GREAT LAKES CONTAINER CORPORATION, Zurich-American Insurance Company, and the Workers' Compensation Court, Respondents.**

**No. 62637.**

Court of Appeals of Oklahoma, Division No. 4.

June 11, 1985.

Released for Publication by Order of Court of Appeals July 11, 1985.

1. Claimant's second motion to dismiss the appeal is overruled.

John W. Young, Young & Young, Sapulpa, for petitioner.

David P. Madden, Whitten, Goree, Davies & Madden, Tulsa, for respondents.

RAPP, Judge.

The petitioner, Vane O. Bell, appeals from the judgment of the Workers' Compensation Court holding petitioner did not sustain an accidental injury arising out of or in the course of his employment with the respondent, Great Lakes Container Corporation. Bell alleges he was denied due process of law by the reassignment of another judge and not having the same judge who heard the testimony and observe the witnesses decide the case. He also alleges error of the trial court in failing to hold that an accidental injury arose out of or in the course of his employment with the respondent. After review of the record, we affirm the decision of the trial court.

The pertinent facts are: Bell, following termination of employment, caused a Form 3 to be filed notifying respondent of his alleged employment injury. Respondent in its answer denied that an injury occurred which arose out of or in the course of his employment. Respondent has not paid temporary total disability to petitioner nor paid the expenses of his medical claims.

Bell was employed by the respondent up to and including the 21st day of July, 1983, at which time he was terminated by the respondent for insubordination. On the 22nd day of July, 1983, Bell presented himself to the emergency room of a local hospital and informed the doctor (who subsequently performed a hemilaminectomy upon Bell) that he had fallen eight to ten feet from a monorail at his place of employment in mid-July 1983 and again on the 21st day of July, 1983, *both* times landing on his back. The operation performed upon Bell, evidenced by the medical witness exhibit, attests that there was an injury. The question becomes: did Bell injure his back when and where alleged?

The matter was tried before Judge Cox on November 8, 1983, and the record is in serious conflict as to whether Bell's injuries were job related.

Bell testified that he fell and injured his back on the 14th of July and that a witness assisted him off of the crate on which he landed. He emphatically denied that he had fallen at any time during his employment other than Thursday, the 14th of July, 1983. Bell stated he continued to work that day after the fall, and also the subsequent Friday, Saturday and the following week. He also testified that he notified various management personnel of his fall and that on the Friday following his fall, he was refused time off by his employer to make a medical appointment with a doctor in Sapulpa.

Bell's only witness testified that he: (1) saw Bell fall and thereafter assisted him; and (2) knew the date of Bell's fall because it was the last day he was employed by the respondent.

The respondent introduced uncontroverted evidence that Bell's witness was: (1) on medical leave during the work week of the 14th of July, 1983; and (2) the witness' last day of employment was the 21st of July, 1983. Respondent's other witnesses, each named by Bell as parties to whom he reported his fall, testified Bell did not notify them of his fall or allege injury during his employment. Respondent also introduced evidence that Bell was involved in a motorcycle wreck shortly before he was fired.

Upon completion of the trial and introduction of documentary exhibits on November 8, 1983, Judge Cox took the matter under advisement until her resignation on

April 1, 1984, and left office without rendering a decision. Subsequently, the case was assigned to Judge Seagle who received the following correspondence from Bell's attorney on April 18, 1984:

Dear Judge Seagle:

I have been contacted by my client, Vane O. Bell, who has given me permission and authority to submit his case to you based on the record and transcript of proceedings before Judge Cox on November 8, 1983. It is my understanding that the respondent has agreed to pay for the transcript.

Sincerely,

/s/

A carbon copy of the letter was sent to the claimant at his address listed on the Form 3. The following day, April 19, 1984, respondent's attorney addressed a letter to Judge Seagle containing the following language:

Dear Judge Seagle:

Acknowledgment is made of the letter written by John L. Harlan, counsel for the claimant, dated April 18, 1984. We are in agreement that this case can be submitted to you based upon the record and transcript of proceedings before Judge Cox on November 8, 1983. A copy of the transcript has been ordered from the Court.

Yours very truly,

/s/

Judge Seagle, after review of transcript, filed the following order on the 11th day of June 1984:

Now on this 7TH day of JUNE, 1984, this cause comes on for consideration before Judge VICTOR R. SEAGLE, at TULSA, Oklahoma.

This matter was originally heard before the Honorable MARY E. COX, at TULSA, Oklahoma, on NOVEMBER 8, 1983, at which time claimant appeared in person and by counsel, JOHN HARLAN, and respondent and insurance carrier appeared by counsel, NEIL LAYMAN. Reassigned to the Honorable VICTOR R.

SEAGLE and, by agreement of the parties, the matter was submitted on the transcript of NOVEMBER 8, 1983 trial and exhibits admitted at that time for determination by Judge VICTOR R. SEAGLE.

On MAY 29, 1984 the Court makes the following findings:

–1–

THAT claimant did not sustain an accidental personal injury arising out of or in the course of claimant's employment with the above named respondent, as alleged in the claim for compensation filed herein.

–2–

THAT it is therefore ordered that claimant's claim for compensation be and the same hereby is denied.

BY ORDER OF:

VICTOR R. SEAGLE, JUDGE

Bell has perfected a timely appeal from the trial court's order.

I

Bell complains that the examination of the "cold record" by the successor judge without benefit of findings by his predecessor constituted a lack of a full hearing and a denial to Bell of his constitutional rights to due process of law.

Bell grounds his attack in the administrative law arena, where the adage of "one who decides must hear" is basically a truism. Bell in support of this assertion relies upon *Crow v. Industrial Commission*, 104 Utah 333, 140 P.2d 321 (1943), together with diverse administrative law citations, including *Morgan v. United States*, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936).

■■■ This complaint is deflected by noting that the Oklahoma Workers' Compensation Court is not an administrative body but is a court of record established by the legislature.[1] Further, neither due process

---

1. 85 O.S.1981 § 1.2(F); *Texas Oklahoma Ex-* *press v. Sorenson,* 652 P.2d 285 (Okla.1982).

of law nor the concept of a full and fair hearing require that the actual taking of testimony be before the same officers as are to determine the matters involved. The fact that the deciding authority is not present when the evidence is presented does not violate due process if the authority considers and acts on the evidence received in the administrative process. *See Morgan.*

Bell also asserts, as part of his due process argument, that a "cold record" before the judge deciding the matter without the judge having had the benefit of observing the witnesses, their demeanor and determining their credibility is a denial to him of a full hearing. However, this argument was very ably handled by the Pennsylvania Court in *Commonwealth v. Tees*, 180 Pa. Super. 82, 118 A.2d 756, 759 (1955), a habeas corpus proceeding, when it stated:

> Appellant cites no authority—and we know of none—which would support his contention that credibility of a witness can be determined *only* by a court which hears and sees a witness. Of course, that is an advantage but it is not absolutely essential. We—as an appellate—court often pass upon the credibility of witnesses.

■ Bell, as did the appellant in *Commonwealth*, has cited no authority to support his position, and we therefore must hold this argument to be lacking merit, particularly where the parties have agreed to a review of a "cold record" by the successor judge.

Bell further argues that reassignment of a successor judge without a new trial was error. This raises the question whether or not a successor judge may render a decision only upon the trial record and its documentary evidence heard by his predecessor.

In *City of Clinton ex rel. Richardson v. Keen*, 192 Okl. 382, 138 P.2d 104 (1943), a successor judge attempted to enter judgment based upon the record and documentary evidence of his predecessor's trial of the case. The court in reviewing this case made an extensive survey of the law, noting that no Oklahoma statute or case law existed on this question and then stated:

> We find no authority, however, to sustain the contention that when issues are joined on questions of law and fact and the case has been tried and taken under advisement ... that a successor judge may enter judgment without any evidence being introduced before him by either testimony or documents.

> . . . .

> If the entry of the subsequent judgment is sought to be upheld on the theory that its entry was in the nature of a ministerial act involving the exercise of no discretion as in some of the cited cases, it could not stand as there is no supporting foundation of a valid determination of issues....

> . . . .

> If the last judgment attempted to be rendered by the respondent regular judge is sought to be upheld as a determination by him of the issues of law and fact, then it cannot stand, ... because here there was no formal introducing of this record as evidence before him; *nor was there any agreement of the parties that he should read that evidence and consider it....* (Emphasis added.)

*Id.*, 138 P.2d at 108. *Clinton* recognized that an agreement could exist for a successor judge to render a decision based on the record but did not pass upon the effect of such an agreement.

■ An agreement or stipulation between the parties that the successor judge can make a determination of the case based upon the record and documentary evidence waives the right to a new trial. In this circumstance, the parties [as stated in *Duplantis v. Barrow*, 165 La. 1091, 116 So. 568, 570 (1928)] "came before the successor in the office of judge, who heard the testimony upon the terms of perfect equality...."

Michigan, in dealing with this matter, held in *Christopher v. Nelson*, 50 Mich. App. 710, 213 N.W.2d 867, 868 (1974), that:

The death of the judge who heard the case *before* his decision is made or his findings of fact and conclusions of law are filed results in an incomplete proceeding. It is in legal effect a mistrial. A new trial upon application to the successor judge is a matter of right.

This holding, of course, does not prevent the parties from doing what was done here, consenting to the adjudication by the successor judge. However, when that is done the successor judge becomes clothed with all of the jurisdiction and authority which originally resided in the deceased judge. The entry of the consent order is in legal effect a stipulation ... To use an idiom undiluted by legalistic obfuscation, the stipulation, to us, said "O.K. Judge White, take over for Judge Zick, and do whatever he would or could have done had he heard the case."

■ *Worden v. Alexander,* 108 Mont. 208, 90 P.2d 160, 161 (1939), illustrates the majority view,[2] where the court stated:

While there is some conflict in the authorities, the decided weight of authority is that when the trial judge to whom the case has been submitted upon evidence introduced before him dies before making findings of fact, his successor has no authority to make findings of fact and conclusions of law without the consent of the parties involved; in such a case any party has the right to insist upon a new trial. [Citations omitted.] However, a party may waive his right to a new trial and consent that the successor may decide the case made on the record before the trial judge....

We hold that the majority view expressed in *Worden* is the rule which should be followed in this state—that a successor judge may not make findings of fact and conclusions of law and enter judgment solely upon the record developed by his predecessor except upon agreement of the parties.[3] Where there is no agreement between the parties, the successor judge must grant a new trial or trial de novo upon request.[4]

■ Bell's final due process arguments raise the following questions: (1) did Bell waive his objections to the reassignment of a successor judge; and (2) did he enter into an agreement or stipulation that Judge Seagle could make findings of fact and conclusions of law based on the trial transcript and enter judgment? We hold that he did.

Bell, after trial, filed a mandamus action in the supreme court, seeking to require Judge Cox to make a decision in this matter; his action was dismissed and Judge Seagle was assigned after Judge Cox's resignation. Bell did not object to the assignment and, subsequent thereto, the letters of April 18, 1984 and April 19, 1984, set out above, were sent to Judge Seagle. These letters clearly indicate there was harmony between the adversarial parties concerning Judge Seagle's hearing of the case. These letters constitute a stipulation between the parties.

Oklahoma early in its judicial history recognized in *Bottoms v. Neukirchner,* 29 Okla. 104, 116 P. 434 (1911), the effect of stipulations when it held that the litigants were bound by their stipulation entered into prior to a trial court's decision and that they could not thereafter predicate error on the court's action taken relative to the agreement. The binding effect of stipulations was reaffirmed in *Nanoka v. Hos-*

---

**2.** The appellate court in Kansas held in *Gertz v. Beck,* 7 Kan.App. 654, 53 P. 884 (1898), that a successor judge is competent to pass on the record when requested to do so by the parties.

**3.** Contra is the State of Ohio which holds that even a stipulation between the parties does not grant the judge authority to enter judgment. This rule is based upon Ohio's Civil Rule 63. *See Welsh v. Brown-Graves Lumber Co.,* 58 Ohio App.2d 49, 389 N.E.2d 514 (1978).

**4.** *See Stephens v. Oklahoma Steel Casting Co.,* 433 P.2d 948 (Okla.1967), where the petitioner there requested a new trial following the resignation of the original judge and assignment of a new judge. The successor judge refused a retrial of all issues. The court held that the interests of the litigants demanded a trial de novo.

*kins,* 645 P.2d 507, 508 (Okla.1982), where the court stated:

> Stipulations are agreements between counsel concerning business before the court and are favored as a means to shorten, clarify or settle litigation.... A stipulation admitting or agreeing to certain facts for the purpose of trial is binding and conclusive on the parties during the progress of the trial and on appeal.

In *Dana Corp. v. Appeal Board of Michigan Employment Security Commission,* 371 Mich. 107, 123 N.W.2d 277, 278 (1963), the court there stated:

> [O]nce stipulations have been received and approved they are sacrosanct. Neither a hearing officer nor a judge may thereafter alter them. This holding requires no supporting citation. The necessity of the rule is apparent. A party must be able to rest secure on the premise that the stipulated facts and stipulated ultimate conclusionary facts as accepted will be those upon which adjudication is based. Any deviation therefrom results in a denial of due process for the obvious reason that both parties by accepting the stipulation have been foreclosed from making any testimonial or other evidentiary record.

We now hold that Bell, by entering into the written stipulation with the respondent, waived any objection he may have had to the assignment of Judge Seagle and any right Bell may have had to a new trial due to Judge Seagle's assignment. For the reasons herein stated, we further hold that Bell was not denied his rights to constitutional due process of law.

### II

Bell, in his second proposition, asserts that the trial court erred in its failure to find that the petitioner suffered an accidental injury arising out of or in the course of his employment. We disagree.

■ The trial judge is the sole arbiter of the evidence adduced at trial and, where there is conflicting testimony, a question of fact is then presented for determination by the trial court, and the trial court's findings on questions of fact, when supported by competent evidence, are conclusive.[5] In the matter at hand there was a sharp conflict in the testimony, however, as the court stated in *Takagi v. Wilson Foods Corporation,* 662 P.2d 308, 309 (Okla.1983):

> It is well settled that it is not the province of the reviewing court to weigh the evidence in a workers' compensation case, or to determine where the preponderance lies. Rather, it examines the record only to ascertain whether the order is supported by any competent evidence. (Citations omitted.)

■ We find upon review of the record that there is competent evidence to support the findings of the trial court.

Based upon the reasoning set forth in the foregoing opinion, we affirm the judgment of the trial court.

BRIGHTMIRE, P.J., and STUBBLEFIELD, J., concur.

---

**5.** *Knapp v. State Industrial Commission,* 195 Okla. 56, 154 P.2d 964 (1944).